406 A.2d 340

**COMMONWEALTH of Pennsylvania**

v.

**William C. BARTLETT, Appellant.**

Supreme Court of Pennsylvania.

Argued April, 20, 1979.

Decided Oct. 1, 1979.

Arthur M. Rosenbaum, Philadelphia, for appellant.

John J. Burfete, Jr., Chief, Appellate Div., Ronald T. Williamson, Asst. Dist. Atty., Norristown, Montgomery Co., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, William C. Bartlett, was convicted in the Court of Common Pleas of Montgomery County of murder of the first degree, robbery and conspiracy in connection with the stabbing death of Milton Hawkins, whose body was found on the morning of January 14, 1970. Appellant was sentenced to imprisonment for life for the murder conviction and five to fifteen years' imprisonment for the robbery conviction, the sentences to run concurrently. Sentence was suspended on the conspiracy conviction. Appellant took a direct appeal to this court, where he was represented by trial counsel. This court affirmed the judgments of sentence, *Commonwealth v. Bartlett*, 446 Pa. 392, 288 A.2d 796 (1972) (Bartlett I). Appellant, represented by new counsel, filed a petition under the Post Conviction Hearing Act (PCHA), Act of January 25, 1966, P.L. (1965) 1580, effective March 1, 1966, 19 P.S. § 1180–1, et seq., alleging that he did not have the effective assistance of counsel at trial. The post-conviction court denied relief. Appellant acquired his third counsel and appealed, alleging that PCHA counsel was ineffective in failing to properly explore the effectiveness of trial counsel. We remanded for an evidentiary hearing to determine whether PCHA counsel was effective. *Commonwealth v. Bartlett*, 463 Pa. 164, 344 A.2d 476 (1975). (Bartlett II). The PCHA court held a hearing and determined that PCHA counsel was effective. Appellant now appeals that determination.

Appellant argues that PCHA counsel was ineffective for failing to raise trial counsel's ineffectiveness in his failure to file a motion to suppress the confession because of lack of probable cause to arrest. The suppression hearing was held pursuant to a defense motion to suppress an inculpatory statement appellant gave to the police after being arrested. The basis of the motion was that the statement was involuntarily given. That contention was rejected. We agreed in our opinion on the direct appeal (Bartlett I) that it was

meritless. Appellant alleges that counsel was ineffective for not arguing that the arrest was unlawful because of a lack of probable cause.

In order to pass upon appellant's allegation, we will first examine the circumstances surrounding the arrest and conviction. The following facts were brought out at hearing. Decedent's body was discovered at or about 8:00 a. m., on January 14, 1970. His children, Gary and Clementine Hawkins, told police they had seen a red Mustang in the vicinity that morning. Neighbors told the police appellant owned a red Mustang. The police went to appellant's home and told him they were looking for William Bartlett. Appellant told them he was his brother, Charles, and declined to speak with them further. Sharon Kitt was also present but the police did not know her identity at the time. She also refused to speak with them. Shortly afterward, the police saw Kitt driving a red Mustang. They stopped her and she could not produce identification for herself or an owner's card for the vehicle. Appellant had been driving a blue Mustang ahead of her. He stopped, walked over to the red Mustang, and said he could straighten out the matter. However, he did not have a driver's license or owner's card. The police told appellant and Kitt they would have to accompany them to the station while they determined who owned the vehicles. At the station, appellant said he was his brother and produced signed identification belonging to the brother. He signed his brother's name in the presence of police, who observed that the signatures did not match. Kitt eventually told the police who she was and who appellant really was. The police then told appellant they knew who he was and he admitted his true identity and was immediately arrested for the murder of decedent. The inculpatory statement followed.

At trial, separate witnesses testified that decedent was with appellant and that he got into a red Mustang. There is also testimony in the suppression record that the police were told before the arrest that appellant owned a red Mustang, that such a car came to decedent's house the morning of the killing, and that decedent got into it.

We held in *Commonwealth v. Brooks*, 468 Pa. 547, 364 A.2d 652 (1976), that probable cause is essential to the legality of arrest, meaning that the facts and circumstances known to the police or about which they have reasonably trustworthy information at the time of the arrest must be sufficient to warrant a person of reasonable caution in believing the suspect has committed or is committing a crime. The Commonwealth has the burden to establish probable cause with reasonable specificity and mere suspicion is not enough. *Commonwealth v. Jones*, 457 Pa. 423, 322 A.2d 119 (1974). See also *Beck v. Ohio*, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964). In the instant case, while there was evidence of appellant having had contact with decedent and of his car possibly being involved, it does not appear there was evidence to tie appellant directly to the killing. If the legality of the arrest had been questioned, so as to require the Commonwealth to prove probable cause, it is quite possible the burden would not have been met. That would have been significant because appellant's confession was the only evidence introduced at trial linking him directly to the killing.

There is no ineffectiveness if the course of action followed by counsel had a reasonable basis designed to advance the interests of the client. *Com. ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). We do not see what reasonable basis there was for trial counsel's failure to challenge the legality of the arrest because of lack of probable cause when such challenge would arguably have been meritorious. We find it to be at least arguable that that information did no more than cast suspicion on appellant and did not tie him closely enough to the crime to give rise to probable cause. If a claim has arguable merit, an inquiry must be made into counsel's basis for not pursuing it. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977). At the very least, this question should have been pursued at the PCHA hearing. PCHA counsel did not do so. According to his testimony at the evidentiary hearing, the reason was that he thought the merit of the matter was settled by our affirmance on direct appeal. That is not so.

We determined the voluntariness of the confession, which was before us, but did not determine whether there was probable cause for the arrest. We find the failure to pursue the claim had no reasonable basis and PCHA counsel was ineffective.

Appellant also alleges that post-conviction counsel was ineffective in not examining trial counsel on his reasons for certain actions which allegedly rendered ineffective his representation at trial and on direct appeal. Since we are remanding for a hearing on the question of the legality of the arrest, it is not necessary for us to reach the merits of the other instances of allegedly ineffective representation.

The order of the court of common pleas is reversed and the case is remanded for a new PCHA hearing.

LARSEN, J., files a dissenting opinion.

LARSEN, Justice, dissenting.

I dissent; I would affirm the lower court's order. Trial counsel was effective. Counsel need not raise issues that are devoid of merit. I adopt the opinion of the Honorable Robert W. Honeyman dated June 30, 1977.