419 A.2d 612

**COMMONWEALTH of Pennsylvania**

v.

**George WATERS, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1979.

Filed April 11, 1980.

Daniel M. Preminger, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

■ This is an appeal from judgment of sentence following a jury trial in which appellant was convicted of unlawful possession of a controlled substance[1] and unlawful possession of a controlled substance with intent to deliver.[2] Appellant contends, *inter alia*, that (1) the suppression court erred in denying his motion to suppress physical evidence; (2) the trial court erred in refusing to grant a continuance requested on the day of trial; (3) his trial counsel was ineffective in not timely requesting a continuance;[3] and (4) the trial court

---

1. Uniform Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, No. 64, § 13, as amended; 35 P.S. § 780–113(a)(16).

2. *Id.*; 35 P.S. § 780–113(a)(30).

3. Although this issue was not raised in appellant's post–verdict motions, it is reviewable because this appeal is "the earliest stage in the proceedings at which counsel whose effectiveness is being challenged no longer represents the [appellant]." *Commonwealth v. Hubbard*, 472 Pa. 259, 277 n.6, 372 A.2d 687, 695 n.6 (1977).

erred in permitting a police officer to testify as an expert witness.[4] We disagree and, accordingly, affirm the judgment of sentence.

■ Appellant first contends that because the police did not have probable cause to arrest and search him, the heroin seized as a result of his arrest should have been suppressed. The Commonwealth's evidence at the suppression hearing consisted solely of the testimony of Richard Smith, a Philadelphia police officer. His testimony revealed the following: On January 13, 1978, at 7:00 p. m., Officer Smith received a phone call from a confidential informant whom he had known for approximately three months. The informant stated that he had just seen appellant inside a West Philadelphia bar buying twenty bundles of heroin from a man known by the informant and Officer Smith to be a narcotics dealer. Officer Smith was aware that many narcotics transactions occurred at that bar. The informant knew appellant by name and described him as being six feet tall, wearing glasses, and having a dark complexion, a beard, and gauze wrapped around his left hand. The informant told the officer that he saw appellant leave the bar in a black and red Charger automobile accompanied by a woman and another man. He stated that appellant had the heroin in his coat pockets and that he believed appellant's destination was his house at 5348 Webster Street in Philadelphia. Officer

4. Appellant also contends that the evidence adduced at trial was insufficient to sustain his convictions because the Commonwealth failed to prove that he was not authorized to possess or deliver a controlled substance. Additionally, appellant argues that prior counsel was ineffective in not demurring to the evidence on the basis that the Commonwealth introduced no evidence of nonauthorization.

In *Commonwealth v. Sojourner*, 268 Pa.Super. 488, 408 A.2d 1108 (1979), our Court held that the defendant has the burden of coming forward with some evidence of authorization to possess a controlled substance before the Commonwealth must prove nonauthorization beyond a reasonable doubt. Because appellant did not introduce at trial any evidence that he was authorized to possess heroin, appellant's challenge to the sufficiency of the evidence is without merit. Because counsel cannot be deemed ineffective for failing to assert a baseless claim, *Commonwealth v. Hubbard*, 472 Pa. 259, 278, 372 A.2d 687, 696 (1977), appellant's contention that trial counsel was ineffective in not demurring to the evidence is likewise without merit.

Smith, accompanied by two other officers, then drove to that house in Officer Smith's car. They arrived at about 7:45 p. m. and parked in front of the house. Ten minutes later, a black and red Charger stopped about thirty–five feet from Officer Smith's car, and appellant and a woman got out. Appellant matched the description which the informant had given Officer Smith. As appellant started to walk up the steps leading to the porch of the house, Officer Smith got out of his car, identified himself as a police officer, and ordered him to stop. Appellant then reached into his coat pocket and appeared to throw an object to the ground. Officer Smith searched appellant and found in his left coat pocket two packages containing a whitish powder. One of the other officers picked up from the ground two more packages. The four packages contained a total of 432 glazed paper bags which were later found to contain heroin.

Officer Smith further testified that the informant had previously given him information leading to three arrests and confiscation of narcotics. Two of the arrests involved possession of heroin, and the other involved possession of marijuana. In the marijuana case, the defendant pleaded nolo contendere and was sentenced to probation for one year. At the time of appellant's suppression hearing, the defendants in the other two cases had not yet been tried, but they had been held for court following their preliminary hearings.

■■■ "To be constitutionally valid, a warrantless arrest must be based on probable cause." *Commonwealth v. Bynum*, 265 Pa.Super. 13, 401 A.2d 776, 777 (1979). Probable cause exists where, at the time of arrest, the facts and circumstances known to the police, or about which they have reasonably trustworthy information, are sufficient to warrant a person of reasonable caution in believing that the suspect has committed or is committing a crime. *Commonwealth v. Bartlett*, 486 Pa. 396, 397, 406 A.2d 340, 341 (1979); *Commonwealth v. Harper*, 485 Pa. 572, 582, 403 A.2d 536, 542 (1979). The Commonwealth has the burden of establishing probable cause with reasonable specificity. *Commonwealth*

*v. Bartlett, supra,* 486 Pa. at 397, 406 A.2d at 341.[5] Where probable cause is based upon information received from an unidentified informant, the following requirements must be met: (1) the arresting officer must know some of the underlying circumstances from which the informant concluded that the suspect participated in criminal activity, and (2) the officer must have some reasonable basis for concluding that the informant was credible or his information reliable. *Spinelli v. United States,* 393 U.S. 410, 413, 89 S.Ct. 584, 587, 21 L.Ed.2d 637 (1969); *Aguilar v. Texas,* 378 U.S. 108, 110, 114, 84 S.Ct. 1509, 1511, 1513, 12 L.Ed.2d 723 (1964); *Bertrand Appeal,* 451 Pa. 381, 386, 303 A.2d 486, 488 (1974). In applying the second prong of the *Aguilar–Spinelli* test, "general conclusions concerning trustworthiness are not sufficient. *Commonwealth v. Hall,* 451 Pa. 201, 302 A.2d 342 (1973). Some factual circumstances must be set forth to evidence the informant's reliability." *Commonwealth v. Benjamin,* 260 Pa.Super. 1, 6, 393 A.2d 982, 984 (1978). "While past reliability is most often established through a showing of convictions which resulted from information supplied by the informer, there is no logical reason for mandating that all information lead to convictions before reliability is established." *Commonwealth v. Archer,* 238 Pa.Super. 103, 109, 352 A.2d 483, 486 (1975), quoted in *Commonwealth v. Benjamin, supra,* 260 Pa.Super. at 6, 393 A.2d at 985 (citations omitted). Moreover, our courts have never established as a prerequisite to reliability any minimum number of arrests and convictions resulting from an informant's information. *Commonwealth v. Benjamin, supra,* 260 Pa.Super. at 6, 393 A.2d at 985. "The essential fact is that the informant gave prior information implicating others in criminal activity, which information proved to be correct." *Id.*

Appellant argues that the second prong of the *Aguilar–Spinelli* test has not been adequately established in this

5. "[T]he analysis of whether probable cause exists for a warrantless arrest is similar to that required of a magistrate when he determines whether a search warrant should be granted." *Commonwealth v. Hughs,* 268 Pa.Super. 536, 541 n.6, 408 A.2d 1132, 1135 n.6 (1979).

case.[6] We disagree. Although at the time of appellant's suppression hearing, the trials of two of the defendants arrested as a result of information previously supplied by the informant had not yet occurred, Officer Smith could reasonably conclude that the informant was credible. Moreover, the following corroborating circumstances justified the officer's reliance on the information: Officer Smith knew that many narcotics transactions occurred at the bar in question; he knew that the person who allegedly sold the heroin to appellant was a drug dealer; and he confirmed the accuracy of the informant's information by his personal observation. We therefore hold that probable cause existed to arrest appellant. Consequently, because the warrantless search was incident to a lawful arrest, the suppression court did not err in refusing to suppress the fruits of that search. *Commonwealth v. Benjamin, supra*; *Commonwealth v. Legg*, 258 Pa.Super. 294, 392 A.2d 801 (1978).

■ Appellant next contends that the trial court erred in refusing to grant a continuance. On the day of trial, appellant's trial counsel requested a continuance to enable him to obtain the notes of testimony from a previous trial in this case which had ended in a mistrial. Trial counsel had almost 3½ months before trial to obtain the notes of testimony.

■ Rule 301(b) of the Pennsylvania Rules of Criminal Procedure provides:

A motion for a continuance on behalf of the defendant shall be made not later than forty–eight (48) hours before the time set for trial. A later motion shall be entertained only when the opportunity therefor did not previously exist, or the defendant was not aware of the grounds for the motion, or the interests of justice require it.

6. Appellant does not challenge the Commonwealth's proof of the first prong of the *Aguilar–Spinelli* test. Such a contention would be without merit because the informant's information was based upon his personal observation of appellant buying heroin from a known narcotics dealer. *See Commonwealth v. Brown*, 228 Pa.Super. 158, 323 A.2d 104 (1974) (confidential informant told officer that he had observed appellant selling narcotics). *See also Commonwealth v. Benjamin, supra.*

"It is well settled that the grant of a continuance rests within the sound discretion of the trial court and that the decision to deny the continuance will not be reversed unless a clear abuse of discretion is shown." *Commonwealth v. Hughs*, 264 Pa.Super. 118, 126, 399 A.2d 694, 698 (1979). Moreover, an appellate court will not find an abuse of discretion if the denial of the continuance did not prejudice appellant. *See, e. g., Commonwealth v. McKelvie*, 471 Pa. 541, 370 A.2d 1155 (1977); *Commonwealth v. Kishbach*, 247 Pa.Super. 557, 373 A.2d 118 (1976).

In the instant case, appellant argues that the prior testimony could have been used on cross–examination to impeach the credibility of the Commonwealth's witnesses by showing prior inconsistent statements. Appellant, however, has not shown or even alleged any inconsistencies in the witnesses' testimony at the two trials. Thus, he has failed to show that the denial of the continuance prejudiced him. Consequently, we hold that the trial court did not abuse its discretion in refusing to grant a continuance.

Appellant next contends that trial counsel was ineffective in not timely requesting a continuance. In evaluating the effectiveness of counsel, we apply the following standard: "[C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967) (emphasis in original). "The burden of establishing this claim is upon appellant." *Commonwealth v. Barnes*, 248 Pa.Super. 579, 582, 375 A.2d 392, 394 (1977). *See also Commonwealth v. Sherard*, 483 Pa. 183, 394 A.2d 971 (1978). "It is only when the claim which was forgone was of arguable merit that we must make inquiry into the basis for . . . counsel's decision not to pursue the matter." *Commonwealth v. Hubbard*, 472 Pa. 259, 278, 372 A.2d 687, 696 (1977).

As previously stated, appellant has not indicated how the notes of testimony from the prior trial would have been

helpful on cross–examination at his trial. We therefore conclude that appellant has not sustained his burden of proving that trial counsel was ineffective in not timely requesting a continuance. *See Commonwealth v. Gordon,* 254 Pa.Super. 267, 385 A.2d 1013 (1978) (trial counsel not ineffective for failing to obtain transcribed copy of suppression hearing testimony of Commonwealth witness because appellants failed to show that such testimony could have been helpful to appellants' cause).

■ Appellant last contends that the trial court erred in permitting a police officer to testify as an expert witness. Appellant argues that the Commonwealth did not adequately establish the officer's qualifications to testify that, in his opinion, a person who has 432 bags of heroin in his possession intends to deliver the heroin to others rather than keep it for his own use. The witness, Willie Davis, testified that he has been a member of the narcotics unit of the Philadelphia Police Department for 6½ years. In addition to his training at the Philadelphia Police Academy regarding the physical effects of narcotics, Officer Davis took a two week training course on narcotics given by the federal government. He stated that he primarily works undercover, contacting narcotics dealers "on the street" and purchasing narcotics from them. He estimated that he has been involved in 2,000 arrests involving heroin. Officer Davis stated that he has seen heroin used on about twelve occasions and has had many conversations with heroin users.

" 'The question whether a witness is qualified to testify as an "expert" is within the sound discretion of the trial court and will not be overturned except in clear cases of abuse.' " *Commonwealth v. Stickle,* 484 Pa. 89, 104, 398 A.2d 957, 965 (1979) (quoting *Commonwealth v. Bennett,* 471 Pa. 419, 424, 370 A.2d 373, 375 (1977)). Although appellant correctly notes that Officer Davis' testimony revealed that he had more knowledge of heroin sellers than heroin users, we cannot conclude that the trial court abused its discretion in

allowing the officer to testify as to the intent of a purchaser of a large quantity of heroin.[7]

Judgment of sentence affirmed.

7. Appellant also argues that the trial court erred in permitting Officer Davis to express a medical opinion when he testified that the degree of narcotics addiction or abuse is customarily measured by the number of bags of heroin used per day. Officer Davis clearly indicated that this testimony was based upon his observations of and conversations with narcotics users. Because Officer Davis did not express a medical opinion, this contention is without merit.