440 A.2d 1215

**COMMONWEALTH of Pennsylvania,**

v.

**Michael S. HENRY, Appellant.**

Superior Court of Pennsylvania.

Argued April 20, 1981.

Filed Feb. 5, 1982.

Petition for Allowance of Appeal Denied May 28, 1982.

Clifford B. Cohn, Philadelphia, for appellant.

Steven J. Cooperstein, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WICKERSHAM, MONTEMURO and WATKINS, JJ.

MONTEMURO, Judge:

Appellant, Michael S. Henry, was found guilty by a jury of robbery,[1] criminal conspiracy,[2] simple assault,[3] involuntary

1. 18 Pa.C.S.A. § 3701.
2. 18 Pa.C.S.A. § 903.
3. 18 Pa.C.S.A. § 2701.

deviate sexual intercourse,[4] kidnapping,[5] and possessing an instrument of crime.[6] Post-trial motions were denied and appellant was sentenced to a term of imprisonment totalling five (5) to ten (10) years. This direct appeal followed.

On January 1, 1979, the victim parked her car near the Albert Einstein Medical Center in Philadelphia where she worked as a nurse. At about 6:40 A.M., as she proceeded to walk to the hospital, she was approached by a man whom she later identified as appellant. Appellant pulled a knife on the victim and ordered her back into her car. Appellant attempted to drive the victim's car but failed to get it started. He then told the victim to drive.

Meanwhile, another man walked toward the car and got into the back seat. Appellant directed the victim to drive for several minutes and then ordered her to stop. The man in the back seat grabbed her purse, emptied the contents and took approximately fourteen ($14.00) dollars from her wallet. After a short discussion with appellant, the man left.

While still parked, appellant then forced the victim to fellate him. The victim periodically pleaded with the appellant to stop. Appellant refused and during the entire twenty (20) minute episode, continuously threatened the victim with a knife. As daylight began to break across the area, appellant again directed the victim to drive. Subsequently, while stopped at a traffic light, appellant jumped out of the car and fled. The victim returned to the hospital and reported the incident. On the basis of the description given by the victim, appellant was arrested nearby at 6:30 p. m. that same evening.

The appellant raises six issues for review in this appeal: (1) whether the suppression court erred in finding the vic-

4. 18 Pa.C.S.A. § 3123.

5. 18 Pa.C.S.A. § 2901.

6. 18 Pa.C.S.A. § 907.

tim's in-court identification admissible; (2) whether trial counsel was ineffective for failing to raise issues in post-trial motions which have been raised in this appeal and by not properly locating alibi witnesses; (3) whether the trial court properly denied appellant's motion for a continuance; (4) whether there was prosecutorial misconduct in closing remarks made by the district attorney; (5) whether the prosecutor discriminatorily used peremptory challenges to exclude blacks from appellant's jury;[7] and (6) whether the Commonwealth's failure to perform a scientific test to compare the victim's saliva with the saliva found on the pants taken from appellant constituted a withholding of exculpatory evidence.[8]

The appellant's trial counsel, in a post-verdict motion for a new trial, raised only the identification issue. Issues not raised in post-verdict motions are deemed waived and are not properly preserved for appellate review. See Pa.R. Crim.P. 1123(b); *Commonwealth v. Carter*, 463 Pa. 310, 344 A.2d 846 (1975). However, since appellant has raised an ineffective assistance claim in that post-trial counsel failed to include the issues in the post-verdict motion now raised in this appeal, we will decide those questions solely for the purpose of resolving the contentions of ineffective representation. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977); *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975). For the reasons set forth below, we remand the case to the trial court for an evidentiary hearing on the ineffectiveness of counsel claim concerning appellant's alleged alibi witnesses and find the remaining issues raised in this appeal to be without merit.

Appellant's first contention is that the suppression court improperly ruled the victim's in-court identification admissible at trial in light of the fact that such identification

7. We have examined the record thoroughly and have found this issue to be without merit. Post-trial counsel cannot be deemed ineffective for failure to raise a baseless claim. Therefore, further discussion will be unnecessary.

8. As in footnote 7, the same rationale applies to this claim.

had been tainted by an unlawful lineup. The claimed illegality stemmed from the fact that appellant was not represented by counsel at the lineup. We agree. *U. S. v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). However, this primary illegality does not render the victim's in-court identification inadmissible if, considering the totality of the circumstances, it is determined that the in-court identification had an independent origin sufficiently distinguishable from the illegal encounter so as to be purged of the primary taint. *U. S. v. Wade, supra; Wong Sun v. U. S.*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *Commonwealth v. Glover*, 488 Pa. 459, 412 A.2d 855 (1980); *Commonwealth v. Bogan*, 482 Pa. 151, 393 A.2d 424 (1978). This independent basis need only be established by the Commonwealth by clear and convincing evidence. *Commonwealth v. Davis*, 264 Pa.Super. 505, 400 A.2d 199 (1979); *Commonwealth v. Connolly*, 478 Pa. 117, 385 A.2d 1342 (1978); *Commonwealth v. Taylor*, 472 Pa. 1, 370 A.2d 1197 (1977).

The factors to be considered in determining whether an in-court identification is independent and thus reliable are:

"the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation." *Commonwealth v. Fowler*, 466 Pa. 198, 206, 352 A.2d 17, 21 (1976) quoting *Neil v. Biggers*, 409 U.S. 188, 199, 93 S.Ct. 375, 382, 34 L.Ed.2d 401, 411 (1972).

The victim's testimony at the suppression hearing established that she had more than an ample opportunity to form an accurate perception of what, in fact, her attacker looked like. The one (1) hour timeframe during which the victim had been abducted and sexually assaulted in her car created a situation where she was never more than two and one-half (2½) feet from her attacker. Although the degree of lighting varied at different times during the course of the incident, there was no question that the victim was assisted

in her identification by street lamps, traffic lights and by the sunlight which emerged approximately twenty (20) minutes before appellant's departure. Also, for the twenty (20) minutes in which the victim was sexually assaulted, she persistently pulled away from appellant and looked at his face. Because of the length of time involved in the incident and the close proximity of the victim to the appellant, we find that the victim had a substantial opportunity to properly identify the appellant.

Most of appellant's argument directs itself to the fact that the victim, in giving her description to the police, failed to note a one-half (½) inch burn mark on the right side of appellant's face. However, the victim testified that for most of the time appellant sat in the passenger seat of her car which did not permit a full view of appellant's right side. This argument does not detract from the significance of the victim's opportunity to view appellant and we find that failing to notice the small, dark scar does not cast a doubt on the accuracy of the victim's otherwise complete description.

Furthermore, in considering the other important factors, the victim gave a very detailed description of appellant, the knife he was carrying, and the clothes he was wearing. Her description, in fact, closely matched that of appellant, his knife, and the clothes. Also, before the lineup, the victim was shown between 200 and 300 photographs, none of which were of the appellant. The victim did not identify anyone in those photos. This is another indication that the victim's perception of appellant was quite accurate.

Therefore, we conclude that, under the totality of circumstances presented here, there was a sufficient independent basis upon which the victim could render an in-court identification purged from the primary taint of the illegal lineup.[9] The in-court identification was properly admitted by the lower court.

**9.** In the lower court judge's opinion, the lineup itself was not unduly suggestive.

Appellant's next two contentions concern the ineffective assistance of post-trial counsel for failure to raise issues in post-trial motions.

Generally, the standard for determining the effectiveness of counsel is a two-step analysis as set forth in *Commonwealth v. Evans*, 489 Pa. 85, 91, 413 A.2d 1025, 1028 (1980):

> We (the Court) must first determine whether the issue underlying the charge of ineffectiveness is of arguable merit. If the underlying issue is proved to be of arguable merit, our inquiry shifts to a determination of whether the course chosen by counsel had some reasonable basis designed to effectuate his client's interests.

■ Furthermore, counsel is not deemed ineffective for failing to file a baseless claim. *Commonwealth v. Hubbard, supra.*

Appellant's first contention here is that his motion for a continuance, made during the suppression hearing, to obtain notes of testimony of that hearing for use at trial was improperly denied and should have been asserted in appellant's post-trial motion.

■ It has been held that the granting of a continuance rests within the discretion of the trial court and the decision to deny a continuance will not be reversed absent a clear abuse of discretion. *Commonwealth v. Waters*, 276 Pa.Super. 584, 587, 419 A.2d 612, 613 (1980). Also, an appellate court cannot find an abuse of discretion if the denial of the continuance did not prejudice appellant. *Commonwealth v. Waters, supra.*

■ Appellant generally argues that the suppression hearing testimony could have been used to impeach the Commonwealth's witness at trial. However, appellant has failed to allege any specific instances of contradiction or inconsistency between the witnesses' trial testimony and suppression hearing testimony. Without such allegations, there would have been no basis for the court to rule in appellant's favor on this particular issue. Since there is no obligation to pursue a meritless claim, counsel was not ineffective for failing to do so here.

■ Appellant next contends that the prosecutor, at his trial, engaged in misconduct in his closing argument to the jury and that his trial counsel was ineffective for failing to include this issue in post-trial motions.

Appellant's contention is based on the following remarks:

Then the odyssey continues, down, down. Is this a haphazard ride? Is this a random ride, in a city with two million people in it, is this random? Down, down, down until they get to Wyoming Avenue, over, down, up to the Boulevard, to a spot—the young woman doesn't know where she was. All the while, "what is going to happen to me?" What is going to happen to me? What are you doing? Why don't you let me go? What is going to happen to me? Not even an answer. What kind of person does that to another human being, ladies and gentlemen?

It's an hour and 15 minutes worth of slavery. "What are you going to do with me?" What kind of person would do that to anybody else, ladies and gentlemen?

This man did it to her. This is the kind of man who would do that, ladies and gentlemen.

Upon defense counsel's objection that the prosecutor was expressing his personal opinion, the court gave the following cautionary instruction:

. . . to the extent that counsel expresses his personal opinion of the evidence or of any inferences to be drawn therefrom, you will disregard them, whether he gives an opinion or you think he gives an opinion. Opinions are not evidence. Statements are not evidence. Counsel is not permitted to give his own opinion. It's your opinion that counts, not counsel's . . .

■ Generally, it is entirely proper for a prosecutor to argue the reasonable inferences supported by the record. *Commonwealth v. Smith*, 490 Pa. 380, 416 A.2d 986 (1980); *Commonwealth v. Gunderman*, 268 Pa.Super. 142, 407 A.2d 870 (1979). It is not proper, however, for a prosecutor to express his personal opinions on the guilt or innocence of the accused, nor may he argue facts which are not of record or

make derogatory comments about accused. *Commonwealth v. Pfaff*, 477 Pa. 461, 384 A.2d 1179 (1978); *Commonwealth v. Gilman*, 470 Pa. 179, 368 A.2d 253 (1977); *Commonwealth v. Eckert*, 244 Pa.Super. 424, 368 A.2d 794 (1976). Although personal opinions of a prosecutor concerning a defendant's guilt or innocence are impermissible, it is always permissible for the prosecutor to argue that the evidence proves the defendant guilty as charged. *Commonwealth v. Gunderman, supra; Commonwealth v. Capalla*, 322 Pa. 200, 185 A. 203 (1936). Finally, the prosecutor's remarks must be evaluated in the context in which they occurred and "the language must be such that its unavoidable effect would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant, so that they could not weigh the evidence and render a verdict." *Commonwealth v. Stoltzfus*, 462 Pa. 43, 61, 337 A.2d 873, 882 (1975), quoting *Commonwealth v. Simon*, 432 Pa. 386, 394, 248 A.2d 289, 292 (1968). "When prejudicial remarks are made by the prosecution, however, the trial judge may, under certain circumstances and if the impropriety is timely brought to the court's attention, correct the error." *Commonwealth v. Stasko*, 471 Pa. 373, 386, 370 A.2d 350, 357 (1977); *Commonwealth v. Fultz*, 478 Pa. 207, 386 A.2d 513 (1978).

The prosecutor, in his closing argument, did improperly express his personal opinion that the appellant "did it to her" (victim) and that the appellant was the "kind of man who would do that." However, even assuming that the remarks quoted above had a prejudicial effect upon the jury, we believe that the trial judge's immediate cautionary instruction dispelled any harm from the expression of personal opinion by the prosecutor. The remarks were quite limited in scope and if arguably prejudicial, the effect of such prejudice was clearly cured by the trial judge's instruction that an attorney's opinion is not evidence and to disregard all such expressions. Therefore, we conclude that counsel was not ineffective for failing to include this argument in post-verdict motions.

■ Finally, appellant contends that he could have produced alibi witnesses at his trial who would have placed him at a scene other than the site of the incident at the time it occurred. However, appellant asserts that trial counsel, for no apparent reason, failed to engage in a proper investigation to locate his witnesses, and was, therefore, ineffective.

We cannot, however, conclude from the record the reasons for counsel's inaction. In *Commonwealth v. Price*, 278 Pa. Super. 255, 261, 420 A.2d 527, 530 (1980), we stated:

> We cannot decide appellant's second claim of ineffective counsel on the present record because we do not have either why the uncle was not called to testify or whether his testimony would have been helpful to appellant's claim of alibi. Faced with such an incomplete record, we must remand the case to the lower court for a hearing limited to the claim that counsel was ineffective in not calling the uncle. See *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1976); *Commonwealth v. Rhodes*, 272 Pa.Super. 546, 554–55, 416 A.2d 1031, 1035 (1979).

In the instant case, as in *Price, supra*, we do not know why appellant's alibi witnesses were not called to testify or if their testimony would have supported an alibi defense, although appellant alleges that such testimony would have been helpful. Since the ineffectiveness claim does have potential merit, "the appropriate remedy is to remand to the trial court for an evidentiary hearing to determine the grounds for counsel's conduct." (citations omitted) *Commonwealth v. Jennings*, 489 Pa. 578, 580, 414 A.2d 1042, 1043 (1980).

We, therefore, vacate the judgment of sentence and remand the case to the lower court to conduct an evidentiary hearing concerning counsel's ineffectiveness in failing to call the alibi witness.

If, upon remand, the lower court determines that counsel was ineffective, then the appellant shall be awarded a new trial. If the lower court finds that counsel was not ineffec-

58

tive, the judgment of sentence shall be reinstated without prejudice to appellant's right to appeal that decision.

Case remanded.