462 A.2d 776

**COMMONWEALTH of Pennsylvania**

v.

**Rose DEEMER, Appellant.**

Superior Court of Pennsylvania.

Submitted April 26, 1983.

Filed July 1, 1983.

30

Margaret H. Poswistilo, Assistant Public Defender, Easton, for appellant.

Elviria C. LaBarre, Assistant District Attorney, Easton, for Commonwealth, appellee.

Before ROWLEY, WIEAND and POPOVICH, JJ.

WIEAND, Judge:

Rose Deemer was tried nonjury and was convicted of theft by receiving stolen property [1] and conspiracy [2] in connection with the taking of two chain saws from a farm supply store in Palmer Township, Northampton County. On direct appeal, after post trial motions had been denied and sentence imposed, appellant contends that the evidence was insufficient to support the guilty verdicts and that evidence regarding the discovery and seizure of one of the stolen chain saws, as well as appellant's oral statements, should have been suppressed because they were obtained following an illegal arrest. We find no merit in these contentions and, accordingly, affirm.

1.  18 Pa.C.S.A. § 3925.

2.  18 Pa.C.S.A. § 903.

■ In determining the sufficiency of the evidence to convict, we view all the evidence, and permissible inferences to be drawn therefrom, in the light most favorable to the Commonwealth. The test is whether, accepting as true the evidence most favorable to the Commonwealth together with all reasonable inferences therefrom, the evidence is sufficient to prove appellant's guilt beyond a reasonable doubt. *Commonwealth v. Giles,* 500 Pa. 413, 415, 456 A.2d 1356, 1357 (1983); *Commonwealth v. Kennedy,* 499 Pa. 389, 392, 453 A.2d 927, 928 (1982); *Commonwealth v. Lovette,* 498 Pa. 665, 669, 450 A.2d 975, 977 (1982), *cert. denied,* 459 U.S. 1178, 103 S.Ct. 830, 74 L.Ed.2d 1025 (1983); *Commonwealth v. Scarborough,* 313 Pa.Super. 521, 525, 460 A.2d 310, 312 (1983); *Commonwealth v. Ruth,* 309 Pa.Super. 458, 460–61, 455 A.2d 700, 701 (1983); *Commonwealth v. Davis,* 308 Pa.Super. 431, 433–34, 454 A.2d 612, 613 (1982). In making this determination, we evaluate the entire trial record and consider all evidence actually received, whether or not the trial court's rulings thereon were correct. *Commonwealth v. Waldman,* 484 Pa. 217, 222–223, 398 A.2d 1022, 1025 (1979); *Commonwealth v. Scarborough, supra,* 313 Pa.Superior at 526, 460 A.2d at 312; *Commonwealth v. Minnis,* 312 Pa.Super. 53, 55, 458 A.2d 231, 232 (1983); *Commonwealth v. Barnes,* 310 Pa.Super. 480, 483, 456 A.2d 1037, 1038 (1983).

The Commonwealth's evidence showed that during the early morning hours of March 11, 1981, two yellow, John Deere chain saws, Model 40V, had been stolen from Seiple's Farm Equipment Company. Later on the same morning, police in Palmer Township received information from an unidentified informant that Steven Fucci, Diane Mingle, Bruce Deemer and appellant were in possession of the stolen saws and were in New Jersey. The informant stated further that someone from this group, or perhaps all of them, would be coming over the bridge from New Jersey into the City of Easton in a small green car in order to sell the saws. The Palmer Township police relayed this information at once to neighboring law enforcement agencies, including the Police Department of the City of Easton. At

or about 3:30 p.m., detectives from the Easton Police Department set up surveillance at a place known as the "Trader's Den," a place known to the police to be a place where stolen goods were traded. A short time later, they observed a small, green car pull into the street which they were watching. Appellant was driving the car and was accompanied by Steven Fucci and another person. The car stopped near the rear entrance to the Trader's Den, and Fucci exited, carrying a yellow chain saw partially covered by two paper bags. He entered the Trader's Den with the saw and returned shortly thereafter, still carrying the saw. When he returned to the car, the detectives approached the vehicle, where they observed the chain saw lying on the passenger's side of the vehicle. Detective Serfass picked up the saw, matched its serial number to the serial number which had been provided by the Palmer Township Police,[3] and placed the occupants of the car under arrest. At the police station, appellant was told of her *Miranda* rights and signed a waiver thereof before giving a statement that she had "assumed" the saw to be stolen but had nevertheless agreed to drive Fucci to Easton for $5 so that Fucci could sell it.

To prove appellant guilty of theft by receiving, it was incumbent upon the Commonwealth to show that the saw was stolen, that appellant was in possession of it, and that she knew or had reason to know it was stolen. See: *Commonwealth v. Peluso*, 481 Pa. 641, 646, 393 A.2d 344, 347 (1978); *Commonwealth v. Wilcox*, 310 Pa.Super. 331, 337, 456 A.2d 637, 640 (1983); *Commonwealth v. Grabowski*, 306 Pa.Super. 483, 488, 452 A.2d 827, 830 (1982); *Commonwealth v. Harrison*, 289 Pa.Super. 126, 132, 432 A.2d 1083, 1086 (1981); *Commonwealth v. Worrell*, 277 Pa.Super. 386, 390, 419 A.2d 1199, 1201 (1980); 18 Pa.C.S.A. § 3925. Here, there was no doubt that the saw had been stolen or that appellant knew or believed it to be stolen. It is her contention, however, that the evidence failed to show

3. The owners of the burglarized business had supplied the Palmer police with the serial number for one of the saws, the one found in appellant's car.

that she had been in possession of the saw. She relies upon the decision in *Commonwealth v. Scudder*, 490 Pa. 415, 416 A.2d 1003 (1980), where the defendant, a passenger in a stolen van carrying two stolen lawn mowers, was apprehended after the driver of the van had refused to stop for police until forced to do so. The Supreme Court reversed Scudder's conviction for theft by receiving stolen property, holding presence in the van to be insufficient to show conscious dominion or control of either the van or the lawn mowers. However, the Court observed:

> Even though the Commonwealth was proceeding under a theory of joint possession, the Commonwealth was, nevertheless, required to establish the conscious control or dominion over the goods by the accused. Of course, if the evidence established a conspiracy, of which the accused is a member, and that conspiracy had as its objective the possession of the goods, or the possession of the goods served as a means to achieve the objective of the conspiracy, this requirement would be satisfied.

*Id.*, 490 Pa. at 419–420 n. 2, 416 A.2d at 1006 n. 2. See also: *Commonwealth v. Davis*, 444 Pa. 11, 15, 280 A.2d 119, 121 (1971). In the instant case, appellant's statement to the police and the Commonwealth's evidence at trial established the existence of a conspiratorial agreement. She had been the driver of the car in which the goods were found; the car was registered in her brother's name; and she had agreed to provide transportation for $5 to effect the sale of a saw which she knew or believed to have been stolen. This was sufficient to prove conscious dominion or control over the saw; it proved that appellant had the power and intent to exercise control over the same.

■ Appellant contends that evidence of the stolen chain saw should have been suppressed because her arrest was not based on probable cause and was, therefore, illegal. We disagree. It is, of course, a basic concept in the law that in order for a warrantless arrest to be deemed valid, it must be supported by probable cause. *Commonwealth v. Lovette, supra*, 498 Pa. at 671, 450 A.2d at 978; *Commonwealth v. Dickerson*, 468 Pa. 599, 605, 364 A.2d 677, 680

(1976); *Commonwealth v. Jackson*, 459 Pa. 669, 673, 331 A.2d 189, 191 (1975); *Commonwealth v. Rutigliano*, 310 Pa.Super. 364, 369, 456 A.2d 654, 656 (1983); *Commonwealth v. Brown*, 298 Pa.Super. 11, 19, 444 A.2d 149, 153 (1982); *Commonwealth v. Bynum*, 265 Pa.Super. 13, 16, 401 A.2d 776, 777 (1979). Probable cause exists where the arresting officers at the time of the arrest have knowledge of facts and circumstances, based upon reasonably trustworthy information, sufficient to warrant a person of reasonable caution in believing that the suspect has committed or is committing a crime. *Commonwealth v. Bartlett*, 486 Pa. 396, 400, 406 A.2d 340, 341 (1979); *Commonwealth v. Stokes*, 480 Pa. 38, 43, 389 A.2d 74, 76 (1978); *Commonwealth v. Jones*, 478 Pa. 172, 177, 386 A.2d 495, 497 (1978); *Commonwealth v. Rutigliano, supra*, 310 Pa.Superior at 369, 456 A.2d at 657; *Commonwealth v. Plusquellic*, 303 Pa.Super. 1, 9, 449 A.2d 47, 51 (1982); *Commonwealth v. Wise*, 298 Pa.Super. 485, 489, 444 A.2d 1287, 1289 (1982).

■ Appellant's specific contention is that the hearsay information provided by the confidential informant to the Palmer Township police was not sufficient for probable cause because the informant was not shown to be reliable. In *Commonwealth v. Reel*, 499 Pa. 381, 453 A.2d 923 (1982), the Supreme Court recently restated the controlling principles as follows:

> The argument is that the witnesses' information is hearsay and may not be used to establish probable cause to arrest unless the information meets the two pronged tests of *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) requiring (1) the officer must know some of the underlying circumstances from which the informer concluded that the suspect participated in the crime and (2) the officer must have some reasonable basis for concluding that the informant is credible or his information is reliable.

*Id.*, 499 Pa. at 384–85, 453 A.2d at 924. See: *Commonwealth v. Smith*, 453 Pa. 326, 328, 309 A.2d 413, 414 (1973); *Commonwealth v. Garvin*, 448 Pa. 258, 262–263, 293 A.2d

33, 36 (1972); *Commonwealth v. Jenkins,* 288 Pa.Super. 232, 236–237, 431 A.2d 1023, 1025 (1981); *Commonwealth v. Waters,* 276 Pa.Super. 584, 589, 419 A.2d 612, 614 (1980). If the probable cause for appellant's arrest were required to be based solely upon the unnamed informant's tip, appellant's argument might be more tenable. It is well settled that conclusory statements as to the reliability of an informant—the testimony showed that the Palmer Township police believed the informant to be reliable—does not alone suffice to meet the requirements of the *Aguilar-Spinelli* test. *Commonwealth v. Hall,* 451 Pa. 201, 207, 302 A.2d 342, 345 (1973); *Commonwealth v. Waters, supra,* 276 Pa.Superior at 589, 419 A.2d at 619; *Commonwealth v. Benjamin,* 260 Pa.Super. 1, 6, 393 A.2d 982, 985 (1978). See: *Commonwealth v. Archer,* 238 Pa.Super. 103, 109, 352 A.2d 483, 486 (1975).

■ Appellant's arrest, however, was not the result of an informant's tip alone; the police had used the tip only as a starting point for further investigation. The informant had identified by name the four persons having possession of the stolen saw and had described their car as a small green car. When a car answering the general description of the car described by the informant showed up and an occupant emerged carrying a yellow chain saw, partially obscured by paper bags, the tip had been corroborated. When police approached the green vehicle to investigate, they observed the chain saw lying in plain view. The law is well settled that "objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence." *Commonwealth v. Tann,* 500 Pa. 593, 598, 459 A.2d 322, 325 (1983), quoting *Harris v. United States,* 390 U.S. 234, 236, 88 S.Ct. 992, 993, 19 L.Ed.2d 1067, 1069 (1968). See: *Commonwealth v. Norris,* 498 Pa. 308, 315, 446 A.2d 246, 249 (1982); *Commonwealth v. Harris,* 479 Pa. 131, 138, 387 A.2d 869, 873 (1978); *Commonwealth v. Bridgeman,* 310 Pa.Super. 441, 447–48, 456 A.2d 1017, 1020–1021 (1983); *Commonwealth v. Westerfer,* 308 Pa.Super. 474, 478, 454 A.2d 633, 635 (1982); *Commonwealth v. Sweeper,* 304 Pa.Super. 537,

478, 450 A.2d 1368, 1370 (1982); *Commonwealth v. Plusquellic, supra,* 303 Pa.Superior Ct. at 9, 449 A.2d at 52; *Commonwealth v. Seip,* 285 Pa.Super. 551, 556, 428 A.2d 183, 185 (1981).

When the police examined the serial number on the saw, they found that it corresponded with the number on the saw previously reported stolen. This constituted probable cause for appellant's arrest. The Easton detectives, by their own independent investigation, had corroborated the information previously received from the informant and thereby had acquired probable cause to make an arrest. Indeed, one might say that they caught appellant "red-handed." See: *Commonwealth v. Miley,* 314 Pa.Super. ——, ——, 460 A.2d 778, 782 (1983); *Commonwealth v. Barba,* 314 Pa.Super. ——, ——, 460 A.2d 1103, 1115 (1983); *Commonwealth v. Salvaggio,* 307 Pa.Super. 385, 394, 453 A.2d 637, 641 (1982); *Commonwealth v. Frazier,* 269 Pa.Super. 527, 535, 410 A.2d 826, 830 (1979); *Commonwealth v. Whitehouse,* 222 Pa.Super. 127, 133, 292 A.2d 469, 472 (1972). See also: *Commonwealth v. Hunt,* 256 Pa.Super. 140, 143, 389 A.2d 640, 642–643 (1978). Thus, appellant's arrest was valid, and both the chain saw and her statements were properly used as substantive evidence by the Commonwealth.

The judgment of sentence is affirmed.