518 A.2d 819

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Robert COPE, Appellee.**

Superior Court of Pennsylvania.

Submitted March 12, 1986.

Filed Dec. 8, 1986.

Gaele M. Barthold, Deputy District Attorney, Philadelphia, for Commonwealth, appellant.

Burton A. Rose, Philadelphia, for appellee.

Before WICKERSHAM, WIEAND and POPOVICH, JJ.

WIEAND, Judge:

Robert Cope was tried nonjury and was found guilty of arson,[1] criminal mischief,[2] recklessly endangering persons and property[3] and risking a catastrophe,[4] offenses which had their genesis in an early morning fire at 912 Daly Street, Philadelphia, on February 24, 1983. Post-trial motions were filed by counsel who had not been trial counsel. Following an evidentiary hearing, the trial court found that trial counsel had been constitutionally ineffective and granted a new trial. Counsel had been ineffective, the court held, because he had failed to file a pre-trial motion to suppress the defendant's gasoline soaked clothing which had been seized by police without a warrant from Cope's hospital room. The Commonwealth appealed. We reverse and remand.

The fire was discovered by a neighbor, who called the Philadelphia Fire Department. When police arrived at the scene of the fire, they obtained from the neighbor a key to a locked passageway which lay behind the row of homes on Daly Street. When the police entered the passageway, they stumbled over the body of Robert Cope. He was semi-conscious, lying approximately sixty feet from the burning building, with his business papers strewn about the alley. The police observed that Cope appeared to have been singed by the fire and that his clothes were wet with a substance which, because of its odor, they determined to be gasoline. They learned that Cope was the owner of the burning building and determined, because of the locked condition of the passageway, that he could have entered the passageway only from the rear of his building. Cope was taken to Methodist Hospital, where he was admitted. After he had

1. 18 Pa.C.S. § 3301(a).
2. 18 Pa.C.S. § 3304(a).
3. 18 Pa.C.S. § 3301(c).
4. 18 Pa.C.S. § 3302(b).

been undressed and placed in a hospital bed, police removed Cope's wet clothing from the hospital room and sent them to the police laboratory for analysis.

At trial, it was undisputed that the fire was incendiary in origin. It was stipulated by counsel that a report prepared by the police chemist, who had examined Cope's clothing, indicated that a petroleum distillate had been extracted from Cope's clothing. Appellee, who testified on his own behalf, said he could remember nothing before awakening in the alley.

■■■ In reviewing a claim of ineffective assistance of counsel, we must first determine whether the claim which counsel failed to assert was of arguable merit. See: *Commonwealth v. Stoyko,* 504 Pa. 455, 472, 475 A.2d 714, 723 (1984); *Commonwealth v. Hubbard,* 472 Pa. 259, 277, 372 A.2d 687, 695–696 (1977); *Commonwealth v. Garvin,* 335 Pa.Super. 560, 564, 485 A.2d 36, 38 (1984). Counsel will not be deemed ineffective for failing to assert a meritless claim. See: *Commonwealth v. Albrecht,* 510 Pa. 603, 626, 511 A.2d 764, 776 (1986); *Commonwealth v. Stoyko, supra.* If the underlying issue is of arguable merit, then a court must determine whether the course chosen by counsel had a reasonable basis calculated to serve the best interests of the client. See: *Commonwealth v. Albrecht, supra,* 510 Pa. at 625, 511 A.2d at 775; *Commonwealth v. Stoyko, supra; Commonwealth v. Garvin, supra* 335 Pa.Super. at 564–565, 335 A.2d at 38. In order to warrant a new trial, it must also be shown that counsel's dereliction prejudiced the outcome so as to deprive the accused of a fair trial. *Commonwealth v. Buehl,* 510 Pa. 363, 393, 508 A.2d 1167, 1175 (1986). See also: *Commonwealth v. Albrecht, supra,* 510 Pa. at 626, 511 A.2d at 776; *Commonwealth v. Garvin, supra,* 335 Pa.Super. at 566, 485 A.2d at 39; *Commonwealth v. Litzenberger,* 333 Pa.Super. 471, 482, 482 A.2d 968, 974 (1984).

■■■ As a general rule, where it is determined that counsel has been ineffective for failing to file a pre-trial motion to suppress evidence, the relief to be awarded is the

right to challenge the questioned evidence in an evidentiary hearing. Only if it is thereafter determined that the evidence should have been suppressed will the defendant become entitled to a new trial. It is the improper use of illegally obtained evidence which entitles a criminal defendant to a new trial and not merely the failure of trial counsel to file a pre-trial motion to suppress. See: *Kimmelman v. Morrison*, —— U.S. ——, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). In the instant case, however, the parties used the hearing on Cope's post-trial motions to introduce evidence of the circumstances surrounding the seizure of Cope's clothing. As a consequence, the record is adequate to permit appellate review of the trial court's order directing a new trial.

■ Our review has convinced us that the trial court erred in ordering a new trial. Cope's clothing had been seized pursuant to a lawful arrest and, therefore, was not subject to suppression.

A police officer may arrest without a warrant where there is probable cause to believe that a felony has been committed and that the arrestee is the felon. Probable cause exists where the facts and circumstances within the knowledge of the officer are reasonably trustworthy and sufficient to warrant a person of reasonable caution in believing that the arrestee has committed the offense, *Commonwealth v. Jackson*, 450 Pa. 113, 299 A.2d 213 (1973).

*Commonwealth v. Travaglia*, 502 Pa. 474, 484, 467 A.2d 288, 292 (1983), *cert. denied*, 467 U.S. 1256, 104 S.Ct. 3547, 82 L.Ed.2d 850 (1984). See: *Commonwealth v. Wagner*, 486 Pa. 548, 555, 556, 406 A.2d 1026, 1030 (1979); *Commonwealth v. Derrick*, 322 Pa.Super. 517, 532, 469 A.2d 1111, 1119 (1983); *Commonwealth v. Deemer*, 316 Pa.Super. 28, 33–34, 462 A.2d 776, 779 (1983).

Because Cope was found lying semi-conscious and singed, his clothes wet with gasoline, in the locked passageway behind his burning residence, police had probable cause, as trained law enforcement officers, to believe that Cope had

been involved criminally in the conflagration. Therefore, they could properly place appellant under arrest and, as an incident thereof, take possession of his clothing without a warrant. This, in fact, is what they did.

The arresting officer testified at trial

... myself and Officer Simon placed Mr. Cope on a stretcher, took him to Methodist Hospital. At that time, I took all his clothing off of him, placed them in a bag, put them on a property receipt, and just around the same time, Mr. Cope was under arrest for arson.

Police thereafter remained with Cope at the hospital until he was arraigned. It seems eminently clear under these circumstances that Cope had been placed under arrest and that his clothes, which were in plain view, were seized as an incident thereof. The seizure without a warrant was neither unreasonable nor improper. See: *New York v. Belton,* 453 U.S. 454, 461, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768, 775–776 (1981); *Commonwealth v. Tome,* 484 Pa. 261, 271, 398 A.2d 1369, 1375 (1979); *Commonwealth v. Pytak,* 278 Pa.Super. 476, 487, 420 A.2d 640, 646 (1980).

Cope's reliance on *Commonwealth v. Silo,* 480 Pa. 15, 389 A.2d 62 (1978), *cert. denied,* 439 U.S. 1132, 99 S.Ct. 1053, 59 L.Ed.2d 94 (1979), is misplaced. In that case, the suspect had not been placed under arrest prior to the time when his clothes were delivered to the police, at their request, by an attending nurse. Here, Cope had been placed under arrest, had been taken into custody prior to hospitalization, and remained in custody thereafter. This fact pattern is substantially different than the factual circumstances in *Commonwealth v. Silo, supra,* where police had done nothing to take the defendant into custody before seizing his clothing.

■ The fact that Cope had been immediately placed under arrest was not altered in any way by his testimony that he did not become aware of his arrest until he fully regained consciousness several days later. To argue, as appellee does, that he could not be placed under arrest until he was fully conscious and aware of his arrest is to ignore the factual reality that his freedom of movement had al-

ready been restricted while he was semi-conscious. Indeed, to accept such an argument would be to hold that an unconscious or semi-conscious person could never be placed under arrest. We decline to so hold.

■ Moreover and in any event, it seems clear that Cope was not prejudiced by counsel's failure to move pretrial to suppress the clothing removed from the hospital or the results of the chemist's analysis. Counsel's failure simply cannot be said to have affected the outcome of the case. The clothes worn by Cope were wet with gasoline when he was found by police behind the burning building. This evidence, as we have observed, was not subject to suppression. Indeed, appellee has not contended otherwise. The subsequent seizure and testing of his clothing, although serving to confirm the observations of the police, did not provide new information. The trier of the facts already knew that his clothing had been wet with gasoline. The suppression of appellee's clothing and the results of the tests performed thereon, even if warranted, would not have prevented the fact finder from learning that appellee's clothing had been wet with gasoline.

> "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.... Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."

*Commonwealth v. Albrecht, supra* 510 Pa. at 626, 511 A.2d at 776, quoting *Strickland v. Washington,* 466 U.S. 668, 691–692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674, 696, *reh. den.,* 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984). See also: *Commonwealth v. Garvin, supra; Commonwealth v. Litzenberger, supra.*

Reversed and remanded to the trial court for determination of the remaining issues raised in appellee's post-trial motions. Jurisdiction is not retained.

POPOVICH, J., files a dissenting opinion.

148

POPOVICH, Judge, dissenting:

I must dissent. Today, the majority holds that a fire authorizes warrantless searches and seizures for all times thereafter. See *Commonwealth v. Smith,* 511 Pa. 36, 48, 511 A.2d 796, 802 (1986) ("We do not hold that a fire authorizes a search for all times thereafter.")

The majority justifies the seizure of the appellee's clothes on the basis that these clothes had been seized pursuant to a lawful search incident to a valid arrest. However, the majority overlooks one important factor.

On the state of this record, at the time that appellee was arrested in the alley the police did not know that the fire was incendiary in origin. That is, the police lacked probable cause at the time of appellee's arrest to believe that a *crime* had occurred.

The majority states that "[b]ecause Cope was found lying semiconscious and singed, his clothes wet with gasoline, in the locked passageway behind his burning residence, police had probable cause, as trained law enforcement officers, to believe that *Cope had been involved criminally in the conflagration.*" Opinion at 145–146. (Emphasis added).

Apparently, the majority is of that view that the smell of gasoline on the body of an individual lying on the ground near his or her home with singed hair are the indicia of a unique type of fire, an arson. However, what is missing from the majority's analysis are the facts and circumstances which would warrant a person of reasonable caution, more than a bare suspicion, to believe that criminal activity was afoot. For example, how did the police exclude the possibility that this individual had not been engaged in such innocent activities as cleaning his paintbrushes, changing the sparkplugs in his car, refilling his kerosene heater, or refinishing an antique piece of furniture?

Although at the time of appellee's arrest there was no information of criminal activity which was provided by a fire marshall, an eyewitness, an informant, or other reliable source, the majority supplies this missing information by

concluding that the "police had probable cause, *as trained law enforcement officers* to believe that a crime has occurred." Id. (Emphasis added).

In this writer's view, while an officer may be able to identify an illegal substance by smell or by observation, in this case there is no record evidence of the presence of illegal substances. Neither gasoline nor singed hair are illegal substances. Thus, the training and prior experience of the police officers in this case could not qualify them to conclude that an illegality has occurred.

The test to be employed in these cases is not one of hind-sight; rather, we must examine the conduct of the police by focusing on the facts and information which were available to the police at the moment that the arrest was made. In this writer's view, the record is lacking and supports a conclusion only that the police had sufficient information to investigate their suspicions further.

As a final note, the majority concludes that appellee was not prejudiced by counsel's failure to move to suppress the appellee's clothing from the hospital because of the following:

> Counsel's failure simply cannot be said to have affected the outcome of the case. The clothes worn by Cope were wet with gasoline when he was found by police behind the burning building. This evidence, as we have observed, was not subject to suppression. Indeed, appellee has not contended otherwise. The subsequent seizure and testing of his clothing, although serving to confirm the observations of the police, did not provide new information. The trier of the facts already knew that his clothing had been wet with gasoline. The suppression of appellee's clothing and the results of the tests performed thereon, even if warranted, would not have prevented the fact finder from learning that appellee's clothing had been wet with gasoline.

To begin with, the appellee's clothing was taken immediately to a laboratory for examination. As a result, the chemist's report was produced and was introduced at trial.

This chemist's report established that heavy petroleum distillates were extracted from appellee's clothes. The testimony of the assistant fire marshall also indicated that the origin area of the fire contained heavy range distillates.

The evidence also indicated that gasoline was *not* a heavy range distillage. Thus, the chemist's report was independently significant in that this evidence established that not gasoline but a "heavy range distillate" was extracted from appellee's clothing.

Moreover, no eyewitness had seen appellee inside of the house or setting the fire. Under these circumstances, because the chemist's report had independent significance during the trial which was not cumulative, counsel's inaction prejudiced the appellee. *Commonwealth v. Clemmons*, 505 Pa. 356, 479 A.2d 955 (1984).

Hence, I must dissent from the majority's attempt to "wink" at the illegal police action and to counsel's ineffectiveness for failing to raise the issue of the illegal arrest.