J-S26013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DARRELL MCKELVIE, | |
| Appellant | No. 1773 EDA 2017 |

Appeal from the PCRA Order Entered May 1, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-1009871-1974

BEFORE:  BENDER, P.J.E., BOWES, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED JULY 16, 2018**

Appellant, Darrell McKelvie, appeals *pro se* from the May 1, 2017 order

denying, as untimely, his serial petition filed under the Post Conviction Relief

Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the procedural history of Appellant's case,

as follows:

> On January 25, 1975, … [Appellant] was tried and convicted by a jury before the Honorable Eugene Gelfand, of murder in the first degree, two counts of aggravated assault and criminal conspiracy[.  Appellant] was sentenced to life imprisonment without the eligibility of parole.  [Appellant's] direct appeal from his judgment of sentence was affirmed by the Pennsylvania Supreme Court on February 28, 1977.[2]
>
> [2] ***Commonwealth v. McKelvie***, 370 A.2d 1155 (Pa 1977).

_____

[*] Former Justice specially assigned to the Superior Court.

On May 9, 1977, [Appellant] filed his first *pro se* petition pursuant to the Post Conviction Hearing Act (PCHA).[3] Counsel was appointed and subsequently filed an amended petition, which was dismissed on December 6, 1979. [Appellant] appealed, and on March 11, 1983[,] the Pennsylvania Superior Court affirmed the court's order dismissing his PCHA petition. The Pennsylvania Supreme Court denied *allocatur* on March 31, 1983. Thereafter, [Appellant] filed a number of petitions under the PCRA; all were denied.

> [3] The legislature enacted the Post[]Conviction Hearing Act in 1968. In 1988, it was renamed the Post[]Conviction Relief Act and modified in part and repealed in part[.]

[Appellant] filed the instant *pro se* petition on August 20, 2012, followed by … amended petition[s] on April 6, 2016 and June 3, 2016. Pursuant to Pa.R.Crim.P. 907, this court sent a notice of [its] intent to dismiss the petition as untimely without exception on February 28, 2017. [Appellant] filed a response to the court's [Rule] 907 notice on March 21, 2017[.] This court formally dismissed the petition on May 1, 2017[. Appellant] timely filed a notice of appeal to the Pennsylvania Superior Court on May 16, 2017.

PCRA Court Opinion (PCO), 7/17/17, at 1-2 (some footnotes omitted). The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal; however, the court issued a Rule 1925(a) opinion on July 17, 2017.

Herein, Appellant fails to set forth a 'Statement of the Questions Involved' section in his appellate brief as required by Pa.R.A.P. 2116(a). That rule mandates that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." Pa.R.A.P. 2116(a). Consequently, we deem Appellant's arguments waived on appeal. *Id.*; *see also Commonwealth v. Bryant*, 57 A.3d 191, 196 n.7 (Pa. Super.

- 2 -

2012) (finding claims waived where they were raised in the argument portion of the appellant's brief, but were not set forth in the Statement of the Questions presented) (citing Pa.R.A.P. 2116).

Nevertheless, even if not waived, we would conclude that Appellant is not entitled to post-conviction relief. This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007).

We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to examine the merits of a petition. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

In the case *sub judice*, Appellant concedes that his judgment of sentence became final in 1977 and, thus, his present petition filed in 2012 is patently untimely. **See** Appellant's Brief at 10. Appellant contends, however, that he meets the after-discovered evidence exception of section 9545(b)(1)(ii), as well as the governmental interference exception of section 9545(b)(1)(i). Both of these exceptions require the petitioner to demonstrate, *inter alia*, that he could not have raised the claim earlier with the exercise of due diligence. **Commonwealth v. Stokes**, 959 A.2d 306, 310 (Pa. 2008). "Due diligence demands that the petitioner take reasonable steps to protect his own interests[,]" and "explain why he could not have learned the new fact(s) earlier with the exercise of due diligence." **Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted). "This rule is strictly enforced." **Id.** (citation omitted). Additionally, with regard to section 9545(b)(1)(ii), the petitioner is required "to demonstrate he did not know the facts upon which he based his petition…." **Id.** (citation omitted).

- 4 -

Appellant attempts to satisfy the two above-discussed timeliness exceptions based on affidavits from four witnesses who testified in his case, and who are now recanting their testimony. These witnesses are Darwen Jones, Kevin Creamer, Sheila Booker, and Winston Burney. All of these individuals were between the ages of 12 and 14 when they witnessed the shooting for which Appellant was ultimately convicted, and each of them identified Appellant as the shooter at trial. However, in their separate affidavits, they now contend that they were threatened, coerced, and otherwise manipulated by the police and the Commonwealth into naming Appellant as the shooter, while the actual shooter was an individual known by the nickname 'Lil-man.'

Appellant also attached to his PCRA petition, and includes as an attachment to his appellate brief, an affidavit from Rosalyn Wrotten, who obtained the affidavits from Jones, Creamer, Booker, and Burney. In her affidavit, dated March 25, 2016, Wrotten states, in pertinent part:

> I, Rosalyn Wrotten, certify and affirm that I got in touch with Mr. Darwin Jones, Mr. Kevin Creamer, Mr. Winston Burney, and Ms. Sheila Booker.
>
> I learned of their presence through [F]acebook and from attending [the] Valley and Norris Street Reunions. Once I met them, I ask[ed] each one was it true that [Appellant] is innocent. They [were] each … reluctant to [a]nswer, but eventually [they] opened up and stated equivocally that [Appellant] was innocent.
>
> I ask[ed] each person [if they] would … be willing to put an affidavit together and explain in truth what happened on that night and they agreed. … I will be forwarding [those affidavits] to [Appellant].

*See* Appellant's Brief at Exhibit E. According to Appellant, Wrotten obtained the affidavits from the witnesses and "immediately turn[ed] [them] over to [Appellant,]" after which he filed an amended petition on April 6, 2016, asserting that he meets a timeliness exception based on those affidavits.[1] Appellant's Brief at 19.

In concluding that Appellant could not satisfy a timeliness exception based on these witnesses' recantations, the PCRA court first stressed that Appellant had filed a PCRA petition in 2004 based on Burney's and Creamer's recantations. *See* PCO at 3. The PCRA court denied that petition, and on appeal, this Court affirmed. *See Commonwealth v. McKelvie*, No. 2021 EDA 2005, unpublished memorandum (Pa. Super. filed March 22, 2007). In our decision in *McKelvie*, we elaborated on the assertions that Appellant had presented in his 2004 petition, stating:

> In his third PCRA petition, Appellant alleged that his counsel received a telephone call from Appellant's friend, Rosalyn Wrotten, on November 14, 2003. During this call, Ms. Wrotten informed counsel that "after-discovered evidence existed in the form of testimonial recantations from Commonwealth eye witnesses Winston Burney and Kevin [C]reamer." Certified Record, at D-39. Appellant also alleged that his counsel interviewed Creamer on November 20, 2003 and interviewed Burney on December 10, 2003. *Id.* Appellant attached a signed affidavit from Burney to his petition and averred that an affidavit from Creamer was forthcoming. *Id.* In his affidavit, Burney stated that he provided

---

[1] In Appellant's initial petition filed in 2012, he argued only that his mandatory life-without-parole sentence is illegal under *Miller v. Alabama*, 132 S.Ct. 2455 (2012), and related cases. While that petition was pending, he filed the amended petition asserting the witnesses' recantation evidence. He has abandoned his *Miller* claim on appeal.

false testimony during Appellant's trial. *Id.* Burney indicated that he could not identify the person who shot and killed Robert Henry Davis and that he only testified falsely when the police began to harass him and other eyewitnesses. *Id.*

On April 16, 2004, Appellant filed an appendix to his third PCRA petition, which contained Kevin Creamer's signed affidavit. Certified Record, at D-40. In his affidavit, Creamer stated that he incorrectly identified Appellant as the individual who shot the victim. *Id.* Creamer indicated that, after he finished testifying at trial, he observed the actual shooter in the gallery and told the Assistant District Attorney that the other man was the real killer. *Id.* Creamer stated that that prosecutor had Creamer removed from the courtroom and never gave Creamer the opportunity to correct his erroneous testimony. *Id.*

*McKelvie*, No. 2021 EDA 2005, unpublished memorandum at 5-6.

In concluding that Appellant could not rely on Burney's and Creamer's recantations to satisfy any timeliness exception, the *McKelvie* panel reasoned, *inter alia*, that,

Appellant has not offered any explanation as to why he could not have obtained this recantation information sooner from his friend or the eyewitnesses themselves. Appellant has not even indicated when Ms. Wrotten learned that these eyewitnesses may have given false testimony or the circumstances surrounding her discovery of this information. Finally, Appellant has not explained why, if Creamer had discovered his mistake during the 1977 trial, Appellant could not have obtained a favorable affidavit from him much sooner. Appellant simply has not pleaded sufficient facts to establish that he can successfully invoke the after-discovered evidence exception. *See Commonwealth v. Yarris*, … 731 A.2d 581, 590 ([Pa.] 1999) (concluding that the appellant had not successfully pleaded and proved the after-discovered evidence exception to the time bar where, *inter alia*, the appellant made no effort to explain why he could not have learned of the recantations sooner by the exercise of due diligence).

*Id.* at 7-8.

Our prior decision in **McKelvie** demonstrates that Appellant knew about Creamer's and Burney's recantations in 2003. However, Appellant attempts to reframe his claim by arguing that the "new fact" presented herein is not the recantations themselves but, instead, "the evidence of [the] law enforcement misconduct" that purportedly led to the false identifications and fabricated testimony by Creamer, Burney, Jones, and Booker. Appellant's Brief at 10. Appellant maintains that this official misconduct was unknown to him and could not have been ascertained with the exercise of due diligence, thus meeting the after-discovered fact exception. He also avers that the fact that "the detectives never disclosed their misconduct of bribes, threats, coercing children witnesses, incarcerating children witnesses, and procuring false testimony" meets the governmental interference exception of section 9545(b)(1)(i).

We disagree. The heart of Appellant's 'new fact' claim is the same as that which he presented in his 2004 petition, *i.e.*, that Creamer and Burney fabricated their trial testimony and are now recanting it. The reason **why** those witnesses lied on the stand - *i.e.*, alleged police misconduct - is a corollary issue to the fact of their recantations. Moreover, Burney's 2003 affidavit specifically mentioned police harassment; therefore, his present affidavit discussing that police misconduct is not a 'new fact,' but merely an elaboration on what he said in his original affidavit. Appellant also fails to explain why he could not have further questioned Burney and Creamer in 2003 about their interactions with police and uncovered the present allegations of

misconduct, given that Burney mentioned harassment by the police in his 2003 affidavit. For all of these reasons, we would conclude that Burney's and Creamer's affidavits cannot satisfy the timeliness exceptions of 9545(b)(1)(i) or (ii), as Appellant has failed to demonstrate that the information contained in those affidavits constitutes 'new facts,' or that he could not have obtained it earlier with the exercise of due diligence.

We would also conclude that Appellant cannot meet a timeliness exception based on Jones' and Booker's affidavits. As the PCRA court points out, Appellant "failed to state what due diligence, if any, he took to secure the alleged newly discovered facts." PCO at 4. We agree. Notably, Appellant was counseled in 2003 when Creamer and Burney first recanted, with Burney's stating that his purportedly false identification of Appellant was due to police harassment. However, Appellant does not explain what, if any, efforts that he, or his attorney, undertook at that time to ascertain if Jones and/or Booker had also been harassed by police into falsely accusing Appellant.

Additionally, nowhere in Appellant's petition, his brief to this Court, or in Wrotten's affidavit is it stated **when** Wrotten first discovered that these witnesses were willing to recant their trial testimony. Wrotten also does not provide any temporal distinction between her 2003 discovery of Creamer's and Burney's recantations, and her discovery that Jones and Booker were also willing to recant. Thus, Wrotten may have known, or been able to discover, all four witnesses' recantations as early as 2003. Appellant offers no discussion of why he could not have obtained the information provided by

Jones and Booker earlier, through Wrotten's assistance, had he exercised due diligence.

Consequently, we would conclude that Appellant's lack of clarity regarding what efforts he undertook to discover Jones' and Booker's recantations, or when Wrotten first learned that these witnesses' allegedly lied on the stand, is fatal to his burden of demonstrating that he filed his present petition within 60 days of the date that the claim could have first been brought. *See* 42 Pa.C.S. § 9545(b)(2); *see also **McKelvie***, No. 2021 EDA 2005, unpublished memorandum at 8 (concluding that Appellant failed to demonstrate due diligence when he did not indicate when Wrotten learned that Creamer and Burney may have given false testimony).

Order affirmed.

Judge Bowes and President Judge Emeritus Stevens concur in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/16/18

- 10 -