J-S48011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES MITCHELL JR. | : | |
| | : | |
| Appellant | : | No. 534 EDA 2019 |

Appeal from the Judgment of Sentence Entered January 18, 2019
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0002752-2015

BEFORE:   BOWES, J., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED SEPTEMBER 19, 2019**

James Mitchell, Jr. appeals from the judgment of sentence of twenty-four to forty-eight months of incarceration, imposed at a resentencing hearing following revocation of his probation due to technical violations.  After careful review, we affirm.

On October 29, 2015, Appellant entered a negotiated guilty plea to possession with intent to deliver heroin.  On November 20, 2015, Appellant was sentenced to a period of eleven months and twenty-nine days to twenty-three months and twenty-eight days of incarceration, followed by two years of probation.  Appellant was also ordered to pay $2,068.70 in court costs and fines.  No post-sentence motion or direct appeal was filed.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On March 21, 2017, the Commonwealth filed a petition for review of parole. Following a hearing, Appellant was made eligible for parole to an inpatient treatment facility, ordered to undergo a psychological evaluation, and directed to apply for the Northampton County Drug Court. Appellant was admitted into the drug court program on June 1, 2017.

Six months later, Appellant was removed from the program for noncompliance. As a result, the Commonwealth filed a petition for review of parole and probation. After a hearing, the sentencing court found Appellant to be a parole violator, and directed Appellant to serve the balance of his sentence, followed by a consecutive twenty-four month period of probation.

On August 30, 2018, Appellant pled guilty in another case to possession of drug paraphernalia and was sentenced to twelve months of probation consecutive to the sentence already imposed at this case. As a result of the new conviction and Appellant's related failure to remain drug free, submit to urine screens, and obtain a drug and alcohol evaluation, the Commonwealth filed a petition for review of probation. *See* N.T. Probation Violation Hearing, 1/18/19, at 3.

At a hearing before the sentencing court on January 18, 2019, Appellant's probation officer testified that Appellant owed more than the original balance of costs, had failed to maintain a verifiable address, and had not shown up for an office visit since August 30, 2018. Based upon Appellant's history of violations, the exhaustion of county funding and treatment options, and his drug use, the probation officer recommended that Appellant's

probation be revoked and that he be sentenced to serve thirty-six to seventy-two months of incarceration. *Id*. at 4-5. Appellant admitted to violating the terms of his probation and to having a drug addiction. *Id*. at 6-8. He also explained that he had recently been diagnosed and commenced treatment for bipolar disorder, schizophrenia, and anxiety conditions. *Id*. Appellant's counsel asked for a continuance so that she could assist him in applying to the mental health court program. *Id*. at 9. This request was denied.

The sentencing court considered Appellant's testimony about his mental health diagnoses, the argument of counsel on his behalf, and the probation office recommendation before finding Appellant to be a probation violator and revoking his probation. *Id*. at 12. The court resentenced Appellant to twenty-four to forty-eight months of incarceration and found him to be eligible for the Recidivism Risk Reduction Incentive program. *Id*.

No post-sentence motion was filed. Appellant filed a timely notice of appeal and the court ordered him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The resentencing court filed a Pa.R.A.P. 1925(a) statement.

Appellant raises the following issues for our review:

1. Did the [t]rial [c]ourt err when it imposed a sentence upon [Appellant] which violated 42 Pa.C.S. § 9771(c) insofar as the sentence of total confinement for technical violations was imposed where there was no conviction for another crime, no likelihood that [Appellant] would commit another crime, and the long period of incarceration was not necessary to vindicate the authority of the court?

2. Did the[t]rial [c]ourt err when it imposed a sentence that was manifestly excessive or inconsistent with the Pennsylvania Sentence Code insofar as the [c]ourt failed to consider mitigating evidence that [Appellant] presented?

3. Did the [t]rial [c]ourt err when it denied [Appellant's] oral motion for continuance to allow defense counsel time to investigate [Appellant's] new mental health diagnosis and to allow defense counsel to inquire into possible sentencing alternatives in light of same; and further, where defense counsel did not have sufficient time to properly investigate [Appellant's] objections to the alleged technical violations and prepare a defense to same, and/or to present evidence in support of the objections raised on behalf of [Appellant]?

Appellant's first two issues challenge the discretionary aspects of the trial court's sentence. We do not review such issues as a matter of right. "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa.Super. 2014). Specifically, Appellant must show that he (1) preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) filed a timely notice of appeal; (3) set forth a concise statement of reasons relied upon for the allowance of his appeal in his appellate brief pursuant to Pa.R.A.P. 2119(f); and (4) that he raised a substantial question for our review. *Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa.Super. 2013).

Our review of the record reveals that although Appellant raised all of the arguments he now seeks for us to review in support of his discretionary aspects of sentencing claims in his Rule 1925(b) statement, he failed to do so at the sentencing hearing or in a post-sentence motion. As Appellant failed

to preserve any of his arguments in support of his discretionary aspects of sentencing claims, they are not subject to our review. ***Commonwealth v. Rush***, 959 A.2d 945, 949 (Pa.Super. 2008) ("[f]or any claim that was required to be preserved, this Court cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court[.]"). Accordingly, Appellant's first two claims are waived.

In his third claim, Appellant alleges that the sentencing court erred when it failed to postpone his sentencing hearing. We will reverse a trial court's denial of a motion for continuance only upon a showing of an abuse of discretion. ***Commonwealth v. McAleer***, 748 A.2d 670, 673 (Pa. 2000). An abuse of discretion is not merely an error of judgment, but rather is a manifestly unreasonable judgement, a result of prejudice, bias or ill-will, or a misapplication of the law. ***Id***. Further, an appellate court will not find an abuse of discretion if the denial of the continuance did not prejudice the appellant. ***Commonwealth v. Petterson***, 49 A.3d 903, 914 (Pa.Super. 2012) (citing ***Commonwealth v. McKelvie***, 370 A.2d 1155 (Pa. 1977)).

Counsel sought a continuance to enable Appellant to apply for the mental health court, and also to permit counsel to investigate Appellant's recent mental health diagnoses further. The Commonwealth objected to Appellant's request, pointing out that continuances for further investigation on these grounds would be futile for several reasons. The Commonwealth noted that Appellant had already been removed from one of the county's

diversionary programs, the county had run out of resources it could deploy in order to help Appellant, and this probation revocation hearing was Appellant's third. The sentencing court agreed, denying Appellant's request because he had already been discharged from the drug court program, had a long history of noncompliance with probation, and the court did not think that the mental health court program could adequately address Appellant's needs. N.T. Probation Violation Hearing, 1/18/19, at 10. The court expressed its concern that Appellant "needs comprehensive treatment right here, right now. I don't think he needs application." *Id*. at 12.

Upon review of the court's reasoning for denying the continuance, we find no abuse of discretion. The sentencing court listened to the arguments put forth by counsel, Appellant's own testimony, and demonstrated that it was familiar with Appellant and well-versed in Appellant's needs. Notably, Appellant has not asserted how the court's denial of his request for a continuance prejudiced him. Thus, we conclude that the sentencing court's denial of Appellant's continuance request was not manifestly unreasonable, and therefore, not an abuse of its considerable discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/19/19