J-S49005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TERRANCE JOB DAVIS, JR. | : | |
| | : | |
| Appellant | : | No. 1973 MDA 2017 |

Appeal from the Judgment of Sentence August 28, 2017
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0006256-2016

BEFORE:    SHOGAN, J., STABILE, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.:                    **FILED SEPTEMBER 21, 2018**

Terrance Job Davis, Jr. ("Appellant") appeals from the judgment of sentence entered on August 28, 2017, in the Court of Common Pleas of York County.  We affirm.

This case arose from Appellant's involvement in the robbery of Timothy Laniewski (the "Victim"), with two co-defendants on August 3, 2016.  A jury convicted Appellant on July 11, 2017, of criminal conspiracy to commit robbery, robbery by threatening serious bodily injury, robbery by threatening immediate bodily injury, theft by unlawful taking, and receiving stolen property.[1]  The trial court sentenced Appellant on August 28, 2017, to incarceration for an aggregate term of five to ten years.  Appellant filed a

_____

[1] 18 Pa.C.S. §§ 903(a)(1), 3701(a)(1)(ii), 3701(a)(1)(iv), 3921(a), and 3925(a), respectively.

_____

*   Former Justice specially assigned to the Superior Court.

timely post-sentence motion, which the trial court denied. This appeal followed. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following questions for our review:

1.      Whether there was insufficient evidence presented by the Commonwealth at trial to prove beyond a reasonable doubt that [Appellant] conspired with [his] co-defendants to commit the crime of Robbery.

2.      Whether there was insufficient evidence presented by the Commonwealth at trial to prove beyond a reasonable doubt that [Appellant] committed Theft by Unlawful Taking.

3.      Whether there was insufficient evidence presented by the Commonwealth at trial to prove beyond a reasonable doubt that [Appellant] committed Receiving Stolen Property.

4.      Whether there was insufficient evidence presented by the Commonwealth at trial to prove beyond a reasonable doubt that [Appellant] committed Robbery by threat of immediate serious bodily injury.

5.      Whether there was insufficient evidence presented by the Commonwealth at trial to prove beyond a reasonable doubt that [Appellant] committed Robbery by threat of immediate bodily injury.

6.      Whether the verdict of the jury was against the weight of the evidence where the jury's verdict could not have been based on the facts presented, but mere speculation and conjecture.

Appellant's Brief at 4.

In reviewing Appellant's brief, we note that Appellant has failed to comply with Pa.R.A.P. 2119(a). That rule provides:

The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part— in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). Moreover, we have explained, "The failure to develop an adequate argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119." *Commonwealth v. Beshore*, 916 A.2d 1128, 1140 (Pa. Super. 2008).

Here, Appellant's two-page argument is not divided into parts that correspond with the issues he presents, and his argument consists merely of bald assertions and citations to authority without analysis. Appellant has not developed adequate arguments explaining how the evidence was insufficient to sustain the verdicts of conspiracy, robbery, theft by unlawful taking, receiving stolen property, and he has not adequately analyzed how the weight of the evidence was contrary to the verdict. Nor has Appellant included citations to the record in support of any such arguments. We shall not develop an argument for Appellant, nor shall we scour the record to find evidence to support it. *Beshore*, 916 A.2d at 1140. Consequently, we could deem Appellant's sufficiency and weight challenges waived. *Id.*

However, we observe that the trial court's Pa.R.A.P. 1925(a) opinion incorporates its exhaustive analysis and rationale from its well-reasoned memorandum order denying Appellant's post-sentence motions. Trial Court Opinion, 3/2/18, at 2–5; Trial Court Memorandum Order, 11/29/17, at 1–11. After review, we are satisfied that those decisions thoroughly address and correctly dispose of Appellant's issues on appeal. Accordingly, we affirm the

judgment of sentence on the basis of the trial court's Rule 1925(a) opinion and incorporated memorandum opinion.[2]

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 09/21/2018

---

[2] The parties are directed to attach a copy of the trial court's March 2, 2018 opinion and November 29, 2017 memorandum order in the event of further proceedings in this matter.

# IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA    :      NO. CP-67-CR-6256-2016

                       :

        v.               :

TERRANCE DAVIS, JR.,        :
          Defendant       :

APPEARANCES:

> James Zamkotowicz, Esquire
> Assistant District Attorney
>
> Heather Reiner, Esquire
> For Defendant

## TRIAL COURT'S 1925(a) STATEMENT

Defendant has appealed to the Superior Court from the Trial Court's order imposing sentence entered on August 28, 2017, and the Order Denying Post-Sentence Motion entered on November 29, 2017.

The Trial Court issued a directive to Defendant on December 28, 2017, to file a Statement of Errors Complained of on Appeal (hereinafter "Statement") pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Due to a conflict, Attorney John Hamme was permitted to withdraw and Attorney Heather Reiner was appointed to represent Defendant on January 4, 2018. Defendant's Statement was filed on February 26, 2018.

This 1925(a) Statement is submitted as a supplement to the record and the Trial Court's orders of August 28, 2017 and November 29, 2017.

## SUFFICIENCY OF THE EVIDENCE – STANDARD

"In reviewing the sufficiency of the evidence, we examine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, viewed in a light most favorable to the Commonwealth as verdict winner, support the jury's finding of all the elements of the offense beyond a reasonable doubt. Commonwealth v. Montalvo, 598 Pa. 263, 956 A.2d 926 (2008). "In applying this standard, [ ] the Commonwealth may sustain its burden by means of wholly circumstantial evidence." Id.

## SUFFICIENCY - CONSPIRACY TO COMMIT ROBBERY

Defendant contends in his complaint 1(a) that "[t]here was insufficient evidence to prove beyond a reasonable doubt that the Defendant conspired with his co-defendants, Balijah Davis and Miquan Johnson, to commit the crime of Robbery, as charged in Count 1 of the Criminal Information." This complaint was addressed by the Trial Court in the Trial Court's "Memorandum Order Denying Defendant's Post-Sentence Motion" (hereinafter "Memorandum"), a copy of which is scanned with this 1925(a) Statement. As a result, the Trial Court refers the Superior Court to the Trial Court's Memorandum, 11/29/17, pages 2-7.

## SUFFICIENCY – THEFT BY UNLAWFUL TAKING

Defendant contends in his complaint 1(b) that "[t]here was insufficient evidence to prove beyond a reasonable doubt that the Defendant committed theft by unlawfully taking movable property from Timothy Laniewski with the intent to deprive him of said property."

2

The evidence presented at trial was sufficient to find Defendant guilty of Robbery. Ergo, that evidence was also sufficient to find Defendant guilty of Theft by Unlawful Taking. Therefore, this contention is without merit.

## SUFFICIENCY – RECEIVING STOLEN PROPERTY

Defendant contends in his complaint **1(c)** that "[t]here was insufficient evidence to prove beyond a reasonable doubt that the Defendant intentionally received, retained, or disposed of Timothy Laniewski's movable property knowing that the property was stolen."

While Defendant makes no specific argument regarding this complaint, the evidence in this case is sufficient to support the conviction for Receiving Stolen Property. The evidence presented at trial proved beyond a reasonable doubt that Defendant conspired with two other individuals to commit robbery and, in fact, robbed Timothy Laniewski. In the course of this robbery, items taken from Mr. Laniewski included his wallet, Burger King hat, cell phone, and two Burger King sandwiches. Since Defendant participated in this robbery, it is clear that the property had been stolen and that he knew that it had been stolen.

While the Commonwealth was still required to establish the conscious control or dominion over the stolen property, "if the evidence established a conspiracy, of which the accused is a member, and that conspiracy had as its objective the possession of the goods, or the possession of the goods served as a means to achieve the objective of the conspiracy, this requirement would be satisfied." Com. v. Deemer, 316 Pa.Super. 28, 33, 462 A.2d 776 (1983)(citation omitted). In this case, with the exception of the

3

sandwiches, the items taken from Mr. Laniewski were discovered in the vehicle in which Defendant was riding when it was pulled over for a traffic stop only two blocks from where the robbery occurred. The sandwiches were not recovered because the evidence presented indicated that Defendant ate the two Burger King sandwiches. Given the foregoing, the evidence established a conspiracy, that Defendant was a member of that conspiracy, and that the objective of the conspiracy was the possession of the goods being carried by Mr. Laniewski. Hence, the evidence was sufficient to establish that Defendant had the conscious control or dominion over those goods taken from Mr. Laniewski. Therefore, there was sufficient evidence to support Defendant's conviction for Receiving Stolen Property.

## SUFFICIENCY- ROBBERY

Defendant contends in his complaint **1(d)** that "[t]here was insufficient evidence to prove beyond a reasonable doubt that the Defendant, in the course of committing a theft, placed Timothy Laniewski in fear of immediate serious bodily injury." This complaint was addressed by the Trial Court in the Trial Court's Memorandum. As a result, the Trial Court refers the Superior Court to the Trial Court's Memorandum, 11/29/17, pages 7-8.

## SUFFICIENCY – ROBBERY

Defendant contends in his complaint **1(e)** that "[t]here was insufficient evidence to prove beyond a reasonable doubt that the Defendant, in the course of committing a theft, threatened Timothy Laniewski with immediate bodily injury." This complaint was

4

addressed by the Trial Court in the Trial Court's Memorandum. As a result, the Trial Court refers the Superior Court to the Trial Court's Memorandum, 11/29/17, pages 7-8.

## WEIGHT OF THE EVIDENCE

Defendant contends in his complaint **2** that "[t]he verdict of the jury was against the weight of the evidence where the jury's verdict could not have been based on the facts presented, but mere speculation and conjecture." This complaint was addressed by the Trial Court in the Trial Court's Memorandum. As a result, the Trial Court refers the Superior Court to the Trial Court's Memorandum, 11/29/17, pages 9-11.

The Clerk of Courts is directed to provide a copy of this order to Attorney Heather Reiner and to Attorney James Zamkotowicz.

BY THE COURT:

GREGORY M. SNYDER,
Judge

Date: MAr. 02, 2018

5

# IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA : NO. CP-67-CR-6256-2016

v. :

TERRANCE JOB DAVIS, JR., :
Defendant :

APPEARANCES:

> JARED MELLOTT, Esquire
> For the Commonwealth
>
> JOHN M. HAMME, Esquire
> For the Defendant

## MEMORANDUM ORDER DENYING
## DEFENDANT'S POST-SENTENCE MOTION

Before this Court for disposition is "Defendant's Post-Sentence Motion"

(hereinafter "Motion") filed on August 31, 2017. Defendant's "Brief in Support of

Defendant's Post-Sentence Motion" was filed on September 21, 2017. The

Commonwealth filed the "Commonwealth's Memorandum of Law in Opposition to the

Defendant's Post-Sentence Motions" on September 29, 2017. For the reasons set forth

below, all requests for relief made in Defendant's Motion are HEREBY DENIED.

## MOTION FOR JUDGMENT OF ACQUITTAL

Defendant contends that the evidence presented at trial is insufficient to find him

guilty in Counts 1 (Criminal Conspiracy to Commit Robbery), 3 (Theft By Unlawful Taking

– Movable Property), 4 (Receiving Stolen Property), 5 (Robbery), and 6 (Robbery).

"In reviewing the sufficiency of the evidence, we examine whether the evidence

admitted at trial, and all reasonable inferences drawn therefrom, viewed in a light most favorable to the Commonwealth as verdict winner, support the jury's finding of all the elements of the offense beyond a reasonable doubt. Commonwealth v. Montalvo, 598 Pa. 263, 956 A.2d 926 (2008). "In applying this standard, [ ] the Commonwealth may sustain its burden by means of wholly circumstantial evidence." Id.

Specifically, Defendant contends that "the Commonwealth failed to prove beyond a reasonable doubt that Defendant conspired with another to threaten Timothy Laniewski with immediate serious bodily injury." This contention is without merit.

First, the Commonwealth does not need to prove that Defendant conspired with another "to threaten Timothy Laniewski with immediate serious bodily injury." For the offense of Criminal Conspiracy to Commit Robbery, the Commonwealth need only prove that Defendant conspired with another to commit a crime, in this case the crime of Robbery. The specific details of the Robbery need not be discussed. Pa. SSJI (Crim) 12.903(A).

Second, the Commonwealth did present sufficient evidence to prove beyond a reasonable doubt that Defendant conspired with another to commit the crime of Robbery.

> To sustain a conviction for criminal conspiracy, the Commonwealth must establish that the defendant (1) entered an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal intent and, (3) an overt act was done in furtherance of the conspiracy. This overt act need not be committed by the defendant; it need only be committed by a co-conspirator.

Commonwealth v. Johnson, 719 A.2d 778, 784-785 (Pa.Super. 1998) (citations omitted).

While the Victim, Timothy Laniewski, was unable to identify the three

2

individuals who robbed him because they were wearing masks at the time and never took them off (N.T., 7/10/17, pages 79, 85), he was able to provide a limited description of those individuals. Mr. Laniewski testified that because of their voices, he assumed the individuals who robbed him were all male. (N.T., 7/10/17, page 69). In addition, he could tell that the individuals were all African-American because he was able to see their necks and around their wrists (when their sleeves pulled away from the bottom of their gloves). (N.T., 7/10/17, page 69).

The Victim's limited description of the robbers, combined with the other credible evidence presented, proved Defendant's involvement in the robbery beyond a reasonable doubt. Miquan Johnson testified that:

- On 8/3/16, Mr. Johnson was with his child's mother, Precious Smith (N.T., 7/10/17, page 115); and

- Ms. Smith received a phone call from Defendant and Balijah Davis wherein they asked for a ride N.T., 7/10/17, page 116); and

- While they were in the vehicle, there was discussion about doing a robbery and the subject was brought up by Defendant (N.T., 7/10/17, page 117); and

- Defendant asked Ms. Smith for a ride so he could go do a robbery (N.T., 7/10/17, page 117); and

- Defendant asked Mr. Johnson to be a lookout, which he did (N.T., 7/10/17, page 117); and

- During the robbery, Defendant was wearing a black hoody and black pants, as well as a cut-out mask made from a shirt and a Halloween mask (N.T., 7/10/17, pages 117-118); and

- Defendant had a black BB gun with him (N.T., 7/10/17, page 119); and

- Defendant pulled Mr. Laniewski into the breezeway and proceeded to rob him

3

( (N.T., 7/10/17, page 120); and

- Defendant put the gun up to Mr. Laniewski's head (N.T., 7/10/17, page 120); and

- They took Mr. Laniewski's wallet, phone, and a Burger King bag (N.T., 7/10/17, page 121); and

- The robbery took place in a breezeway off of West Market St. (N.T., 7/10/17, page 117); and

- After Mr. Johnson, Defendant and Mr. Davis left the breezeway they went back to the van (N.T., 7/10/17, pages 122-123); and

- Mr. Johnson sat in the front passenger seat, next to the driver; Balijah Davis sat in the second row, and Defendant sat in the third row (N.T., 7/10/17); and

- The Victim's wallet was given to Mr. Johnson, who placed it in a glove box underneath his seat (N.T., 7/10/17, page 123); and

- There were two whoppers, a Burger King hat and a cell phone (N.T., 7/10/17, page 124); and

- Balijah Davis had the cell phone and Defendant had the Burger King bag (N.T., 7/10/17, page 124); and

- Defendant ate both of the sandwiches (N.T., 7/10/17, page 124); and

- The masks were thrown into the rear cargo area of the van once they were pulled over [by the police] (N.T., 7/10/17, page 124).

Mr. Johnson also testified that:

- He pled guilty to Robbery, which was graded as an F2 [felony 2], in regard to this incident (N.T., 7/10/17, page 124); and

- Mr. Johnson's Robbery charge was not graded as an F1 [felony 1] because of his agreement to testify for the Commonwealth (N.T., 7/10/17, page 124); and

- Mr. Johnson is also hoping to be eligible for boot camp as part of the consideration he is getting for testifying [for the Commonwealth] (N.T., 7/10/17, page 125); and

- The agreement [with the Commonwealth] was for Mr. Johnson to testify truthfully (N.T., 7/10/17, page 125); and

4

- Mr. Johnson was hoping to get a better sentence in exchange for his testimony (N.T., 7/10/17, page 126).

As a result, the jury was well aware of the consideration Mr. Johnson was getting in exchange for his testimony, and they were entitled to give his testimony whatever weight they deemed proper.

Moreover, and despite Defendant's contention to the contrary, there was other credible evidence presented which corroborated Mr. Johnson's testimony and pertained to Defendant's involvement in the robbery.

Mr. Laniewski testified that the items that were taken from him were his wallet, cell phone, headphones, his Burger King work hat, a pack of cigarettes, and two sandwiches. (N.T., 7/10/17, pages 64, 76).

Also, on the night in question, approximately 2 blocks from where the robbery took place, Officer Bradley Polinski and Officer Bridgette Wilson initiated a traffic stop of a white minivan. (N.T., 7/10/17, pages 89, 97). Both Officers made an in-court identification of Defendant as one of the passengers in the vehicle. (N.T., 7/10/17, pages 90, 99). The driver of the vehicle was Precious Smith (the mother of Mr. Johnson's child), and there were three male passengers, along with a juvenile female and a baby in the vehicle. (N.T., 7/10/17, pages 98, 99, 107-108). The three male passengers were identified as Defendant, Miquan Johnson, and Balijah Davis. (N.T., 7/10/17, pages 98-99).

Furthermore, Officer Gregory Schick testified that he was on duty on the night in question and received a call for a robbery. (N.T., 7/10/17, page 135). After speaking with the Victim, Officer Schick went to the scene of a traffic stop where West York [police]

5

had a van pulled over. (N.T., 7/10/17, page 136). Officer Schick further testified that the individuals inside the vehicle matched the description of the robbery suspects given by the Victim. (N.T., 7/10/17, page 136).

The testimony of these Officers corroborates Mr. Johnson's testimony regarding the type of vehicle involved and the identity of the individuals in the vehicle on the night in question.

Also, during the traffic stop, Officer Polinski heard a radio transmission about a robbery which occurred in the area of W. Market Street, and that there were masks involved. (N.T., 7/10/17, page 99). Upon a search of the vehicle, the Officers discovered masks, sunglasses, and a black BB gun which resembles a semiautomatic pistol. (N.T., 7/10/17, pages 91, 92, 95, 102-105; Commonwealth's Exhibits # 2, 4, 5). Mr. Laniewski was shown photos of the masks recovered from the vehicle (Commonwealth's Exhibit #'s 2 and 3), and he identified them as the masks worn by the individuals who robbed him. (N.T., 7/10/17, pages 73-75).

A more complete search discovered Mr. Laniewski's wallet, cell phone, and Burger King employee hat. (N.T., 7/10/17, pages 100, 101). The Victim's wallet was found in the front seat underneath Mr. Johnson, and the Victim's cell phone was found in Mr. Davis' pocket. (N.T., 7/10/17, page 100). This evidence corroborates Mr. Johnson's testimony regarding what items were used in the commission of the robbery, the items taken from the Victim, and who had the items and where they were located in the vehicle after the robbery.

Given the foregoing, there was sufficient credible evidence provided to prove that

6

Defendant entered into an agreement to commit the unlawful act of Robbery with Miquan Johnson and Balijah Davis, and that they had a shared criminal intent to do so. The overt acts in furtherance of this agreement were driving to the location, identifying the Victim, and proceeding to rob the Victim.

Defendant further contends that "the Commonwealth failed to prove beyond a reasonable doubt that Defendant, in the course of committing a theft, threatened Timothy Laniewski with immediate serious bodily injury." In support of this contention, Defendant claims that "the only evidence the Commonwealth presented to prove that Defendant took place in the robbery, was the testimony of Miquan Johnson, who agreed to testify against Defendant after accepting a lesser sentence for his involvement in the robbery of Mr. Laniewski in exchange for his testimony against Defendant." This contention is belied by the record and without merit.

To find Defendant guilty of Robbery, a First Degree Felony, the jury needed to find that Defendant **either** threatened the victim with serious bodily injury, **or** intentionally put the victim in fear of immediate serious bodily injury. Similarly, to find Defendant guilty of Robbery, a Second Degree Felony, the jury needed to find that Defendant **either** threatened the victim with immediate bodily injury, **or** intentionally put the victim in fear of immediate bodily injury.

Miquan Johnson testified that Defendant not only participated in the robbery, but that he was the one holding the black BB gun to the Victim's head during the commission of that robbery. (N.T., 7/10/17, pages 119-120). In addition, and as previously indicated, there was other evidence presented that not only proved Defendant's

7

participation in the robbery, but also corroborated much of Mr. Johnson's testimony. Moreover, the jury heard testimony regarding the consideration Mr. Johnson received for his testimony. Despite this consideration, the jury, being entitled to give his testimony whatever weight they deemed proper, found Mr. Johnson to be credible.

Moreover, Mr. Laniewski testified that during the robbery, one of the individuals was directly in front of him holding a gun. (N.T., 7/10/17, page 70). He described the gun as being all black, indicated that he is not good with types of guns, but that it looked like a 9 mm type. (N.T., 7/10/17, page 70). Furthermore, Mr. Laniewski testified that the person with the gun pointed it directly at his forehead. (N.T., 7/10/17, page 70). Finally, Mr. Laniewski testified that at the time of the robbery he believed the gun was real and that he was scared he was going to die. (N.T., 7/10/17, page 72).

In addition, Mr. Laniewski was shown a photo of a gun (Commonwealth's Exhibit # 2), and he identified the gun in that photo as the gun that was pointed at his head. (N.T., 7/10/17, page 73). The gun that was in the photo (Commonwealth's Exhibit # 2) is the same gun that was discovered in the vehicle by Officer Bridgette Wilson after the vehicle stop on the night in question. (N.T., 7/10/17, pages 91-92).

Given the foregoing, there was sufficient credible evidence to prove beyond a reasonable doubt that Defendant, by holding a gun to Mr. Laniewski's head during the course of robbing him, intentionally put Mr. Laniewski in fear of immediate serious bodily injury and in fear of immediate bodily injury.

The evidence admitted at trial, and all reasonable inferences drawn therefrom, supports the jury's finding of all the elements of the offenses beyond a reasonable doubt

8

and Defendant's Motion for Judgment of Acquittal is HEREBY DENIED.

## NEW TRIAL - WEIGHT OF THE EVIDENCE

Defendant contends that he is entitled to a new trial on the grounds that the verdicts were contrary to the weight of the evidence.

"A challenge to the weight of the evidence is directed to the discretion of the trial judge, who heard the same evidence and who possesses only narrow authority to upset a jury verdict." Commonwealth v. Sanchez, 36 A.3d 24, 26-27 (Pa. 2011)(citation omitted). "The trial judge may not grant relief based merely on 'some conflict in testimony or because the judge would reach a different conclusion on the same facts.'" Id. "The finder of fact – here, the jury – exclusively weighs the evidence, assesses the credibility of witnesses, and may choose to believe all, part, or none of the evidence." Id. "Issues of witness credibility include questions of inconsistent testimony and improper motive." Id. "Relief on a weight of the evidence claim is reserved for 'extraordinary circumstances, when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.'" Id.

In this case, Defendant claims that "the evidence presented at trial, at best, marginally supports the verdict of guilty of all counts[,]" and that the "verdict was not based upon the facts presented, but was a product of speculation and conjecture." In support of this contention, Defendant claims that "the weight of the evidence presented at trial showed that Defendant was not at the scene of the robbery and a jury would be

9

unable to provide a reasonable verdict of guilty based from the aforementioned evidence presented." This contention is without merit.

The Victim, Mr. Laniewski, testified that he left work that evening between 12:15 and 12:30 a.m. (N.T., 7/10/17, pages 63, 81). Mr. Laniewski further testified that he walks home from work, and that it takes him 45 minutes to an hour to do so. (N.T., 7/10/17, pages 64, 81). Mr. Laniewski testified that the incident in question occurred "[s]omewhere around 1 a.m., give or take a few minutes" (N.T., 7/10/17, page 81), and that the entire incident lasted about 2-3 minutes. (N.T., 7/10/17, pages 76, 84).

Defense witness Johara Wilson testified that she saw Defendant around 1:30, 2:00 a.m. out in front of her house on the night in question (N.T., 7/11/17, pages 145-146). However, on cross-examination, Ms. Wilson also testified that:

- She had just woke up and went outside because she was bored (N.T., 7/11/17, page 149); and

- She has known Defendant for 5 years and considers him a friend (N.T., 7/11/17, page 149).

Moreover, as a rebuttal witness and on re-direct, Officer Polinski testified that Ms. Wilson's address is about six (6) city blocks from where the robbery took place (N.T., 7/11/17, page 161), and that it would take approximately 15-20 minutes to walk six blocks in his jurisdiction (N.T., 7/11/17, page 165).

Either the jury, being entitled to believe all, part, or none of the evidence, did not find Ms. Wilson to be credible or, given the close proximity of her home to the crime scene, did not find her testimony to be exculpatory. Given the foregoing, and because on the night in question Defendant was discovered by the police in a vehicle about two (2)

10

blocks away from where the robbery occurred, with two other African American males, with some of the Victim's belongings, along with the masks and gun that were used in the commission of the robbery, it was reasonable for them to find Ms. Wilson's testimony incredible.

Hence, and contrary to Defendant's contention, the jury's verdict of guilty on all counts submitted was not based on speculation and conjecture, but on direct and circumstantial evidence. The evidence set forth above was sufficient to find Defendant guilty of all of those offenses beyond a reasonable doubt. (While Defendant makes no specific argument regarding Theft by Unlawful Taking and Receiving Stolen Property, those offenses are lesser included offenses of Robbery. The evidence presented at trial was sufficient to find Defendant guilty of Robbery. Ergo the evidence was also sufficient to find Defendant guilty of Theft by Unlawful Taking and Receiving Stolen Property.)

Given the foregoing, the jury's verdict is not so contrary to the evidence as to shock the conscience of the Court. Therefore a new trial is not warranted and Defendant's Motion for a New Trial is HEREBY DENIED.


## NOTICE TO DEFENDANT

Defendant is HEREBY NOTIFIED that he has the right to appeal this order and that if he wishes to do so, must file the notice of appeal within thirty (30) days after entry of this order; that he has the right to assistance of counsel in the preparation of the appeal; the right, if Defendant is indigent, to appeal *in forma pauperis* and to proceed with assigned counsel as provided in Pa.R.Crim.P. 122; and the qualified right to bail under

11

Pa.R.Crim.P. 521(B).

The Clerk of Courts is directed to provide a copy of this order to Attorney John Hamme, Defendant Terrance Davis, Jr., and to Assistant District Attorney Jared Mellott.

BY THE COURT:

GREGORY M. SNYDER,
Judge

Date: _11.29.17_

12